Bayles *v.* Baxter.

---

## BAYLES *et al. v.* BAXTER.

WHERE one person pays the consideration money for the purchase of land and the conveyance is made to another, the latter holds the title in trust for the person paying the consideration.

The fact that the party receiving a conveyance of land verbally agreed at the time with the person paying the consideration, that the former should, upon demand, execute a conveyance to the latter of the premises, does not make the trust *express* as distinguished from one implied by law from the act of the parties, so as to exclude proof of it by parol under the operation of the Statute of Frauds.

Whether the sixth section of the Statute of Frauds does not apply alone to the sale of lands as between grantor and grantee, and not to contracts for the purchase of land by one person for the benefit of another—*Query*.

A resulting trust may be defeated as well as established by parol evidence.

APPEAL from the Seventeenth Judicial District.

The Court below found the facts as follows : In a conversation about the tenth day of August, A.D. 1861, between the plaintiffs and defendant, both being at the time owners in the mining claims and property of the Highland Masonic Mining Co. at Wet Ravine, in Sierra County, defendant stated to plaintiffs that he had made arrangements to buy an interest in the company from one John Thomas, but would not do so unless the plaintiffs would also purchase an interest, so that they might have a majority of interests in the company, in order that the mining claims of the company might be worked and managed in accordance with the views and wishes of plaintiffs and defendant. Whereupon the plaintiffs stated their readiness to purchase an interest for the purposes named, and requested defendant to ascertain what interest they could purchase.

It was agreed that plaintiffs should furnish the money, that the defendant should buy the claim for them, but should act as if purchasing for himself, as it was supposed that he could buy it cheaper than plaintiffs—they having been active in some dispute or trouble in the company as to the manner of working the claims; that he should take a deed in his own name, and hold the interest until the October meeting of the company, and at that meeting should attend and vote with them (*i. e.* as they wished) and should at any time after said meeting, when it might be demanded of him, make a transfer or conveyance of the interest to them. A few days afterwards defendant informed plaintiffs that he had arranged to buy an interest, one undivided thirty-second of the mining claims and property of the said Highland and Masonic Co., of John Cowen, for the sum of $1,600; to which sum plaintiffs assented and handed defendant fifty dollars, which he said was wanted to " bind the bargain," he informing them that they could have a few days' time to raise the balance of the purchase money, and they agreeing to raise it.

On the seventeenth day of August, A.D. 1861, the plaintiffs at Wet Ravine gave defendant the balance and ten dollars over (in all $1,610)—$1,600 to be paid to John Cowen for his interest, and ten dollars for expense of deed and defendant's incidental expenses to Forest City, where the said Cowen was, to complete the purchase. The purchase was to be made, according to previous understanding of the parties, for plaintiffs, but in the name of defendant. On the day last named defendant purchased the interest from John Cowen, which is designated as share or interest No. 3, consisting of an undivided thirty-second of the mining claims, etc., as aforesaid, paying therefor $1,600 of the money obtained from plaintiffs, and taking a deed in his own name. Since the month of October, 1861, plaintiffs have demanded of defendant a deed of the premises, with which demand he has failed to comply.

*Vanclief & Bowers*, for Appellant.

We admit that the bare payment of the purchase money by one party, where the title is conveyed to another, will raise a resulting trust in favor of the party paying the money, even though nothing

of the kind was intended by the parties, and even contrary to the intention of the trustee. But we hold that where the parties have deliberately entered into a special verbal contract, which fully and completely provides for the creation of the trust with all its qualifications and conditions, as in this case, such special contract cuts off and prevents any resulting trust. In this we think the authorities fully sustain us. (Browne on Frauds, Sec. 92; Sugden on Vendors, 441; Hill on Trustees, 93; 5 Paige's Ch. 117; 6 Cal. 153; 9 Id. 655; Dart on Vendors, 435, 436; *Bellasis* v. *Compton*, 2 Vern. 294.) The special contract set out in the complaint cuts off any trust which might otherwise have resulted from the payment of the purchase money. The complaint has placed the right of plaintiffs on the special contract creating a trust (if at all) which has qualities that must depend on contract and could not be implied. Defendant was to hold the property and act as the owner of it for a length of time for a consideration in addition to the purchase money. Suppose this agreement had been in writing, and plaintiffs had brought this suit before the first Sunday in October, and without demand, could not the defendant have defeated them by pleading the contract? If so, then plaintiffs' rights depended on the special contract, and did not result from payment of the purchase money.

*Searls & Niles*, for Respondent.

Where, as in this case, the purchase money is advanced by one and the deed taken in the name of another, the grantees will be adjudged to hold in trust for the man advancing the purchase money. (Story's Eq. Juris. Sec. 1201; 2 Johns. Ch. 406; 1 Id. 582; 1 Greenl. Ev. 266; Willard on Trustees, 600; 4 Kent's Com. 305; Hill on Trustees, 140.)

It is contended that where there is a parol agreement to purchase land in the name of B with the money of A, it creates an "express trust," and was therefore void under the Statute of Frauds. In reply, we say the whole doctrine of implied trusts in this class of cases rests upon the presumption that there was just such a parol agreement or arrangement between the parties. (2 Story's Eq. Juris. 1201.) Can this implication be rebutted by

showing that defendant did in fact agree to do exactly what the law will presume he did in the absence of any proof. (See *Hidden* v. *Jordan,* 21 Cal. 92.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. concurring.

This is an action to compel the defendant to convey to the plaintiffs the undivided one-thirty-second part of the mining claims and property of the Highland and Masonic Mining Company. The findings of the Court show, that on the seventeenth day of August, 1861, the plaintiffs furnished the defendant $1,610 to purchase said interest and pay the incidental expenses of the purchase, with the agreement that he was to make the purchase and take the conveyance of the property in his own name and hold it until the October meeting of the company, which he was to attend and vote this interest as the plaintiffs might direct; and that after that meeting he should at any time upon demand convey the property to the plaintiffs. The reason of this agreement was that it was supposed that the defendant could buy the property cheaper than the plaintiffs. The defendant made the purchase accordingly with the money, and after the October meeting they demanded a conveyance, which he refused to make. On these facts the Court below found for the plaintiffs, and rendered judgment that the defendant convey the legal title to said interest by a good and sufficient deed of conveyance to the plaintiffs, within thirty days from the entry of the decree, and in default thereof that S. B. Davidson, who was appointed a commissioner for that purpose, make, execute, and deliver the same, and for the costs of the plaintiffs. From this judgment the defendant appeals.

The law is well settled, that where one person pays the consideration money for the purchase of land, and the conveyance is made to another, the latter holds the title in trust for the person who pays the consideration. (2 Story's Eq. Sec. 1201; *Hidden* v. *Jordan,* 21 Cal. 99; *Simson* v. *Eckstein, supra,* 580; *Osborne* v. *Endicott,* 6 Id. 153; *Wells* v. *Robinson,* 13 Id. 141.)

But the appellant contends that there being a special agreement between the parties, this constitutes an *express* trust, as contradis-

tinguished from the *implied or resulting* trust, which arises by implication from the payment of the consideration money; and that such *express* trust is within the Statute of Frauds, and could not be proved by parol evidence, as was done in this case. Sec. 6 of the Statute of Frauds (Wood's Dig. 106) provides, that no estate, interest, or *trust* in lands shall be created, granted, or assigned, *unless by act or operation of law,* or by deed or conveyance in writing; and Sec. 7 provides, that Sec. 6 shall not be construed to prevent any trust from arising or being extinguished by operation of law. The trust in this case arises purely by operation of law, and results from the acts and agreements of the parties. In such cases the trust need not be created by writing, or proved by written evidence, for it comes clearly within the exception of the statute. There was no agreement, in terms, that the defendant should hold the property in trust for the plaintiffs, which would seem to be necessary to create an *express* trust; but from the facts that the purchase was made with the money of the plaintiffs, and the conveyance made to the defendant, the law implies that the title thus conveyed is held in trust for the person furnishing the money, and thus the trust is created by operation of law. The fact that the defendant agreed by parol to do what the law would compel him to do—that is, hold the title subject to the rights of the plaintiffs, and convey to them upon demand after a certain time, makes the trust none the less a trust created by operation of law. Indeed, it is a question whether the statute does not apply alone to the sale of lands, as between grantor and grantee, and not to contracts like this for the purchase of land by one person for the benefit of another. The law is well settled that in cases like the present the trust can be proved by parol evidence. (Tiffany & Bullard's Trusts and Trustees, 189–192, 486–489; *Soggins* v. *Heard,* 31 Miss. 426; *Pritchard* v. *Wallace,* 4 Sneed, 405; *Osborne* v. *Endicott,* 6 Cal. 149; *Russ* v. *Mebius,* 16 Id. 356; *Lockwood* v. *Caulfield,* 20 Id. 126; *Hidden* v. *Jordan,* 21 Id. 99.) The cases referred to by the appellant do not conflict with this principle. In *Leggett* v. *Dubois* (5 Paige, 117) the Court say: "A resulting trust is the mere creature of equity, as a resulting use is of law; and it cannot therefore arise where there is an express trust declared by the

parties, *and evidenced by a written declaration of such express trust.*" In *Bellasis* v. *Compton* (2 Vern. 294) the decision, substantially is, that a resulting trust may be proved by parol and also defeated by parol proof of an agreement to a different trust from that which would be implied by law; in other words, it sustains the well established principle that a resulting trust may be *defeated* as well as established by parol evidence. In *Leman* v. *Whitley* (4 Russell, 423) the circumstances are entirely different from the present, as it was an attempt by a grantor to show by parol evidence that his deed, absolute in form, was intended to be in trust for certain purposes, and does not, therefore, apply to the case before us.

The judgment is affirmed.