[S. F. No. 2198.    Department One.—March 20, 1902.]

## JOSIAH FAYLOR, Respondent, v. ORSON C. FAYLOR, Appellant.

RESULTING TRUST—PRESUMPTION—ADVANCEMENT OF PART OF PURCHASE MONEY.—A trust is presumed to result *pro tanto* in favor of one who advances part of the purchase money of land, the title to which is taken in the name of another.

ID.—PAROL AGREEMENT—EVIDENCE—NATURE OF TRUST PROVED.—Evidence is admissible to prove an oral agreement between the parties advancing the purchase money, that they were to buy the property together, and that one of them should hold the title for their mutual benefit. Such evidence does not show an express trust, but is competent upon the question of resulting trust.

ID.—PROPORTION OF INTEREST NOT SPECIFIED.—It was not necessary that the parties should specify in their agreement what proportion of interest in the land purchased should be held by each of the parties; but such proportion results from the facts proved as to the amount of money advanced by each, and from the statute concerning resulting trusts.

ID.—AGREEMENT BETWEEN FATHER AND SON—PRESUMPTION OF ADVANCEMENT REBUTTED.—The presumption that property put by a father in the name of his son was by way of advancement is not conclusive, and is rebutted by proof that the father advanced the greater part of the purchase money, and the son the remainder thereof, and that it was agreed between them that the son should hold the title for their mutual benefit.

ID.—STATUTE OF LIMITATIONS—TRUST RELATION NOT REPUDIATED.—The statute of limitations does not begin to run against a resulting trust so long as the trust relation remains unrepudiated.

ID.—EVIDENCE—OBJECTION TO TESTIMONY OF ATTORNEY.—An objection to the testimony of an attorney, that "it is not shown that he was not acting in the capacity of client to an attorney," is not sufficient to raise the question as to his competency to testify; and evidence given by him without objection to his competency was properly received.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion.

R. W. Miller, for Appellant.

A resulting trust arises only where the parties advancing the purchase money and the one holding the title are strangers to each other, and does not apply where a father purchases in the name of his son. (Perry on Trusts, 2d ed., sec. 126; Story's Equity Jurisprudence, sec. 1202; *Russ* v. *Mebius,* 16 Cal. 350.) The proof must be clear and convincing to overcome the presumption of an advancement. (*Woodside* v. *Hewel,* 109 Cal. 485.) A parol agreement cannot create a trust in real property. (Civ. Code, secs. 852, 2221; *Nougues* v. *Newlands,* 118 Cal. 102; *Smith* v. *Mason,* 122 Cal. 427; *Wittfield* v. *Foster,* 124 Cal. 421.) The statute of limitations begins to run against an implied trust from its date, and this action is barred by the statute. (*Hecht* v. *Slaney,* 72 Cal. 363; *Nougues* v. *Newlands,* 118 Cal. 106, 107; *Broder* v. *Conklin,* 121 Cal. 282.)

T. J. Butts, and J. M. Thompson, for Respondent.

A trust *pro tanto* arose in favor of a party advancing part of the purchase money of property held in the name of another. (*Walton* v. *Karnes,* 67 Cal. 255; *Brison* v. *Brison,* 75 Cal. 525;[1] *Fulton* v. *Jansen,* 99 Cal. 590.) The presumption of an advancement may be overcome by proof. (*Lane* v. *Lane,* 80 Me. 570; *Nordholt* v. *Nordholt,* 87 Cal. 552;[2] *Tryon* v. *Huntoon,* 67 Cal. 328.) A resulting trust is not within the statute of limitations, so long as the relation exists, and is not repudiated. (*German-American Seminary* v. *Kiefer,* 43 Mich 105; *Butler* v. *Hyland,* 89 Cal. 575; *Broder* v. *Conklin,* 77 Cal. 330; *Murphy* v. *Murphy,* 80 Iowa, 740; *Warren* v. *Adams,* 19 Colo. 515; *Reynolds* v. *Sumner,* 126 Ill. 58.[3])

CHIPMAN, C.—Action to have it adjudged that plaintiff is the owner of an undivided twenty-two thirtieths of a certain tract of land, and that defendant holds the title thereto in trust for plaintiff. The court found the following facts: 1. That plaintiff and defendant are father and son; on September 18, 1893, each agreed with the other to purchase, and did purchase, from one Peatross, for the sum of $3,000, the land in question; 2. Plaintiff paid out of his own means, as part

---

[1] 7 Am. St. Rep. 189.          [3] 9 Am. St. Rep. 523, and note.
[2] 22 Am. St. Rep. 268.

of the purchase price, $2,200, and defendant paid $800 of said price; 3. At the time of the purchase the parties agreed that the title should be placed in the name of defendant, and that he would hold the same for the mutual benefit of both parties; the deed and conveyance of the land was made by Peatross July 24, 1894, and was made in the name of defendant, and he accepted the same "with the understanding and under the agreement between the parties hereto, that he was to hold twenty-two thirtieths of the same in trust for plaintiff"; 4. Plaintiff "was, and still is, the owner of twenty-two thirtieths, and defendant the owner of eight thirtieths of the land described." The cause is not barred by the statute of limitations. Plaintiff had judgment in accordance with these findings. Defendant appeals from the judgment and from the order denying his motion for a new trial.

Appellant contends that the agreement found by the court (finding 3) "was a myth, pure and simple, and without the least foundation in fact to stand upon." It is but fair to counsel to explain that this statement is based on the fact that no written agreement was produced in support of the finding. It is contended further that the parol evidence admitted to show an agreement creative of a trust was error and, besides, wholly failed of its purpose, if admissible. This raises the principal question in the case. That parol testimony was properly admitted to establish the agreement and trust will appear obvious in view of the circumstances of the case, and that the trust agreement found by the court is supported by the evidence is, we think, also satisfactorily shown.

Plaintiff testified that in September, 1893, he and his son (defendant) agreed to purchase from Peatross the land in controversy. "Our agreement," he testified, "was to buy the place together, and it should be our home. We bought it. Paid $3,000 for it." He testified that he paid what was taken as amounting to $2,200, being $150 cash and the balance in the form of a mortgage interest held by plaintiff against one Whaley, and also a certain one-fourth interest in an estate. Peatross testified that his contract was wholly with plaintiff; that the price to be paid was $3,000; that plaintiff was to pay $150 cash, turn over the Whaley mortgage and his interest in the Wiley estate at $525, which made about $2,300, and defendant was to turn over the mortgage he held for $700 or

$800, which made up the amount. There was a mortgage resting on the Peatross land which Peatross could not discharge until he received the money from plaintiff and his son, and it was agreed that he would give a bond to execute a deed when the Whaley mortgage was paid, which was then being foreclosed. It appears that plaintiff at the time contemplated going to Oregon, and was likely to be out of reach if wanted in completing the transaction, and it was determined to have the business carried on in defendant's name. The bond was for that reason made in his name, and is dated September 18, 1893. Plaintiff assigned to defendant his interest in the Whaley mortgage, and also his interest in the Wiley estate, and paid the $150 in cash to Peatross, and defendant afterwards transferred the Whaley mortgage and the interest in the Wiley estate to Peatross. Defendant owned an interest in a mortgage valued at $800, referred to by the witness Peatross, which was to be taken as his share of the purchase price of the Peatross land. There is evidence that it was understood between plaintiff and defendant that when the Whaley mortgage was realized upon, the deed should be made by Peatross to defendant. The testimony of Peatross and the attorney (Mr. Butts) who attended to all the business, together with the testimony of plaintiff, we think fully supports the findings as to the real intention of the parties. There is no testimony directly to the point that plaintiff was to own twenty-two thirtieths and defendant eight thirtieths of the property purchased. The finding to that effect follows from the other facts proven and from the statute, section 853 of the Civil Code: "When a transfer of real property is made to one person, and the consideration thereof is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." The same presumption holds where but a part of the purchase money is advanced, in which case a resulting trust *pro tanto* arises. (*Fulton* v. *Jansen,* 99 Cal. 587.) Appellant claims that no implication of a trust arises upon a purchase of property by a parent in the name of his child, but in such case the purchase is to be deemed an advancement. *Russ* v. *Mebius,* 16 Cal. 355, and *Spitler* v. *Kaeding,* 133 Cal. 500, are cited. It was said in *Russ* v. *Mebius:* "*Prima facie,* such a purchase is to be regarded as an advancement, and an

implied trust in favor of the person paying the money does not arise. This is one of the exceptions to the general rule, and it seems to be as well settled as the rule itself.'' That the parent intended an advancement is but a presumption, as is the statutory presumption referred to in the Civil Code. In neither case, however, is the court precluded from ascertaining what the parties intended, and it was so held as to a resulting trust in *Tryon* v. *Huntoon*, 67 Cal. 325. It appeared in the present case that the intention of plaintiff was to purchase the property jointly with his son. The presumption that he intended the transfers to his son of the Whaley mortgage and the interest in the estate referred to, and also intended that the deed should be made to the son as advancements, is satisfactorily rebutted and disproved, and parol evidence was admissible to make this proof. The trust here was not created under section 852 of the Civil Code, nor under section 2221 thereof. The evidence, we think, clearly brings the case within section 853. Respondent claims that the language of this section does not admit of the exception as to advancements. We need not pass upon that question. We are satisfied that the exception, which is but *prima facie* allowable, must give way to the real intention when made clearly to appear.

The action is not barred by any statute of limitations. The trustee held under the original understanding, and did not repudiate his trust until shortly before the action was brought. The trust was a resulting trust, and was not within the statute of limitations so long as the trust relation existed unrepudiated. (*Butler* v. *Hyland*, 89 Cal. 575.)

It is claimed as error that attorney Butts was permitted to testify in plaintiff's behalf. The objection to his competency to testify was, that ''it is not shown that he was not acting in the capacity of client to an attorney.'' The objection in this form did not raise the question of the witness's competency to testify under subdivision 2 of section 1881 of the Code of Civil Procedure, and, besides, the witness had already testified without objection to all the principal facts brought out by him. Later on the objection to one question took this form: ''That confidential relations existed between Mr. Butts and Mr. Faylor,'' presumably defendant. No such relations were shown to have existed.

We discover no prejudicial error in any of the rulings of the court; the findings of fact are supported by the evidence, and we therefore advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.