[Civ. No. 581.   Second Appellate District.—November 28, 1908.]

## EDWARD A. GERETY, Respondent, v. TIM O'SHEEHAN, Appellant.

RESULTING TRUST—PAYMENT OF PART OF CONSIDERATION—TRUST PRO TANTO.—In this state a resulting trust in real property does not depend upon the fact that the one who seeks to establish it has paid the entire consideration, nor that what he may have contributed was for an aliquot part of the estate.  If one party pays any part of the consideration, the party taking the title to the whole land becomes a trustee for the other party *pro tanto,* for a proportional interest in the land.  ·

ID.—ORAL AGREEMENT IMMATERIAL—TRUST BY OPERATION OF LAW— TERMS OF HOLDING.—An oral agreement cannot constitute an express trust; and the fact that the parties have agreed verbally to do that which the law implies from their acts, and to hold according to the amount of money paid by each, is immaterial, and cannot affect the character of the transaction as a trust created by operation of law.  The portion of interest which each is to hold results, not from any agreement, but from the facts shown as to the amount of purchase money advanced by each.

ID.—MORTGAGE FOR PART PURCHASE PRICE—INTEREST OF DEFENDANT NOT ENLARGED.—The fact that $1,500 of the entire purchase price was obtained by giving a mortgage therefor by the defendant who took the title cannot enlarge defendant's interest in the property.  The effect of such mortgage is the same as if the purchase had been made subject to an existing mortgage, in which case, as between themselves, each party's interest would be subject to his proportionate share thereof, and their respective interest in the property correspondingly lessened.

ID.—EVIDENCE—ATTORNEY AND CLIENT—CONSULTATION BY BOTH PARTIES FOR NEGOTIATIONS OF LOANS FOR PLAINTIFF—COMMUNICATIONS NOT PRIVILEGED.—When an attorney conducting litigation for defendant was consulted both by plaintiff and defendant, for the purpose of having the attorney negotiate a loan for plaintiff of $600, to be paid on the purchase money of the property here involved, the communications to the attorney on that subject were not privileged, and the testimony of the attorney thereto was admissible for plaintiff.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS—PAYMENT BY PLAINTIFF BEFORE DELIVERY OF DEED.—*Held,* that evidence, notwithstanding a substantial conflict therein, is sufficient to support the findings for the plaintiff, and to show that the money was paid by

plaintiff before the delivery of the deed to the defendant and was used in effecting the purchase.

ID.—PROPRIETY OF JUDGMENT.—The judgment establishing plaintiff's interest and directing a transfer thereof to plaintiff, subject to a lien in favor of defendant for a portion of taxes advanced for plaintiff's benefit, and to a three-tenths share of the existing mortgage of $1,500 on the property, was proper, in adjustment of all matters as between the parties, without affecting the lien of the mortgage in favor of the mortgagees as against both parties.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

H. C. Dillon, for Appellant.

C. L. Shinn, for Respondent.

SHAW, J.—Action to enforce an alleged resulting trust. The trial court found, in substance, that on February 13, 1906, pursuant to an existing oral agreement between them, plaintiff delivered to defendant the sum of $600, which, with $1,400 contributed by defendant, was to be used by him in acquiring in his own name, but for the joint use and benefit of plaintiff and defendant, in the proportion that $600 bears to $2,000, certain real estate, the purchase price of which was $3,500, payable $2,000 in cash, contributed as aforesaid, and the balance by giving a mortgage upon said real estate. That in accordance with said understanding and agreement so had between plaintiff and defendant the latter purchased the property, using the $600 contributed by plaintiff, together with $1,400 of his own funds, in making the cash payment of $2,000, and took the title in his own name as grantee, and executed a mortgage thereon whereby the balance of the purchase price of $1,500 was secured. As conclusions of law, the court found that plaintiff was the owner of an undivided three-tenths interest in the property, which interest was held in trust by defendant for plaintiff, and that plaintiff was entitled to a deed of said interest, subject to a lien thereon in favor of defendant for certain sums paid by defendant

for account of interest, taxes, and street assessments, and subject also to three-tenths of the mortgage indebtedness.

In accordance with these conclusions judgment was rendered for plaintiff, from which, and an order denying his motion for a new trial, defendant prosecutes this appeal. A number of alleged errors are assigned as grounds for reversal.

Section 853 of the Civil Code provides that "when a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." Appellant insists that the consideration mentioned in this section as being paid by another is the entire consideration, and that unless the whole consideration be thus paid, there can be no resulting trust. In view of the fact that the question is not an open one in this state, the numerous authorities from other jurisdictions cited by counsel in support of this contention are entitled to little weight. In this state a resulting trust does not depend upon the fact that the one who seeks to establish it has paid the entire consideration; nor that what he may have contributed was for an aliquot part of the estate. In *Case* v. *Codding,* 38 Cal. 191, the court, after announcing the well-established rule that a resulting trust arises in favor of one paying the entire consideration for property the title to which is taken in the name of another, says: "And it is now equally well settled that, if the one party pays only a part of the consideration, the party taking the title to the whole land becomes a trustee for the other party, *pro tanto.*" And in discussing the same question in *Hidden* v. *Jordan,* 21 Cal. 93, the court says: "The English cases are referred to by Mr. Chancellor Kent, in *Botsford* v. *Burr,* 2 Johns. Ch. (N. Y.) 404, and he comes to the conclusion that payment of part of the consideration carries with it a proportional interest in the land. This we understand now to be the settled rule, and it appears to us to be the logical and necessary result of the principle upon which trusts of this character are maintained." To the same effect is *Somers* v. *Overhulser,* 67 Cal. 237, [6 Pac. 635], and *Faylor* v. *Faylor,* 136 Cal. 92, [68 Pac. 482].

Any agreement found to exist between the parties was oral; hence, such agreement could not constitute an express trust (Code Civ. Proc., sec. 1971), and being oral, plaintiff could not base any right to recover thereon. Therefore, any alle-

gation in the complaint, or findings of fact, in respect to this oral agreement may be disregarded as immaterial. The fact that the parties agreed verbally to do that which the law implies from their acts did not in any wise affect the character of the transaction as a trust created by operation of law. (*Bayles* v. *Baxter,* 22 Cal. 575.) Nor is there any uncertainty as to the portion of the property to which the trust extended, as it results, not from any agreement, oral or otherwise, with reference to the proportion of interest which each shall hold, but from the facts shown as to the amount of purchase money advanced by each. (*Faylor* v. *Faylor,* 136 Cal. 92, [68 Pac. 482].)

It is next contended that, conceding the existence of a resulting trust, the judgment awards the plaintiff an interest in the property greater than that to which he is entitled, appellant insisting that plaintiff, at most, was entitled to such an interest in the property as $600 bears to $3,500. The fact that $1,500 of the entire purchase price was obtained by giving a mortgage upon the entire estate is, in effect, identically the same as though the purchase had been made subject to an existing mortgage, in which case each party's interest would, as between themselves, be subject to his proportionate share of such mortgage and their respective interest in the property be correspondingly lessened. Plaintiff's interest in the property is obligated for his share of the indebtedness, and it is immaterial whether this obligation was incurred by his act in executing the mortgage or by the act of another. We can conceive of no equitable principle which would permit defendant, without plaintiff's consent, to hypothecate the latter's property for the purpose of obtaining funds wherewith to enlarge his own interest in the estate.

There was no error in permitting the witness Kenney to testify. It appears that plaintiff, accompanied by defendant, called upon her for the purpose of securing her services in assisting the former to negotiate a loan of $600 to enable him to make his payment in the purchase of the property. She was an attorney at law and had theretofore been employed by defendant in the conduct of some litigation then undetermined. She was not, however, acting as defendant's attorney in negotiating this loan for plaintiff; in addition to which fact, both parties were present at the time of the con-

versation concerning which she testified. The rule as to privileged communications between attorney and client is inapplicable to such case. (*Estate of Bauer*, 79 Cal. 304, [21 Pac. 759] ; *Harris* v. *Harris*, 136 Cal. 379, [69 Pac. 23].)

A large part of appellant's brief is devoted to a discussion of the evidence, which he contends is insufficient to support the findings. Where there is a substantial conflict in the evidence, it is not the province of this court to determine the weight to be accorded it. The evidence clearly tends to prove the facts as found by the court, the material part thereof being that plaintiff contributed $600 and defendant $1,400 in the purchase of the property, the title to which was taken in defendant's name. Appellant insists, however, that this $600 was not paid before or at the time of the purchase, but thereafter. The contrary appears to be the case. The negotiation for the purchase of the property was initiated on February 8th, at which time a receipt for $100 was given to defendant by the seller's agent. On February 13th following plaintiff delivered to defendant the $600 contributed by him toward the purchase. The grantor's deed was executed in the sense of being signed and acknowledged on February 12th, and on the 13th of February this deed, together with $1,900 in cash, $600 of which was contributed by plaintiff, together with $1,500 in checks representing the sum borrowed on the mortgage, were placed in escrow under instructions to the holder to complete the transfer. Clearly, the deed was not delivered, nor the transfer made, until after plaintiff had delivered to defendant his money to be used in effecting the purchase.

The purpose of the action was to establish plaintiff's interest in the property and secure a transfer thereof to him. By its judgment the court decreed that the interest of plaintiff was subject to a lien in favor of defendant in the sum of $25.20, and also to a three-tenths share of the existing mortgage of $1,500 upon the property. Appellant attacks this portion of the judgment as being unwarranted. The finding, however, upon which this part of the decree is based was made upon evidence which defendant introduced apparently for the purpose of showing that he had, for plaintiff's benefit, paid certain amounts for taxes, assessments and interest on the mortgage, thereby raising an issue which was litigated,

and which we think the court clearly had jurisdiction to pass upon.

Appellant also contends that the judgment is erroneous by reason of decreeing that plaintiff's portion of the estate is only liable for his share of the mortgage, his contention being that such portion is liable for the entire mortgage. This undoubtedly is true so far as the rights of the mortgagee are concerned, but the question being litigated is the respective rights of plaintiff and defendant, and, as between them, plaintiff's interest is, as decreed by the court, subject to his proportionate share of the mortgage.

There is no sufficient merit in other points suggested by appellant which justifies other notice than to say an examination thereof discloses no prejudicial error.

The judgment and order appealed from are, therefore, affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1909.