[Civ. No. 10933. First Appellate District, Division Two.—November 17, 1938.]

VERNON F. JURANEK et al., Respondents, v. ALFRED J. JURANEK et al., Appellants.

Otto A. Gerth for Appellants.

Lyons & Lyons for Respondents.

NOURSE, P. J.—This is an action to impress trusts upon two separate parcels of property. The plaintiffs are respectively the son and wife of Alfred Juranek, whose sister, Christine Nielsen, was joined as a codefendant. Plaintiffs had judgment from which the defendants appeal.

The first cause of action sought to impress a purchase price resulting trust on a specific parcel of land. It was alleged that pursuant to an oral agreement entered into between plaintiffs and defendants, the plaintiff, Vernon Juranek, furnished $800 with which defendants agreed to purchase the property, and that Vernon Juranek was to have the remainder in fee after a joint life estate in Alfred and his wife. It was further alleged that the property was purchased as agreed

and that a deed was made to Christine Nielsen, who later conveyed it to her co-defendant by a quitclaim deed. The judgment gave the property to Alfred and his wife as joint tenants for life and the remainder in the entire parcel in fee simple to plaintiff Vernon.

The second cause of action was to impress a constructive trust in the nature of a lien on another parcel of land upon allegations that funds were advanced by the plaintiff Vernon under an agreement to pay a trust deed then on the property and to secure a conveyance to Alfred and his wife as joint tenants for life and the remainder to Vernon. It was alleged that $1200 was advanced for this purpose, that the trust deed was paid, but that no interest was conveyed to either plaintiff. The judgment on this cause of action gave this plaintiff a lien on the property for the sum of $988, which the court found was advanced to defendant.

The facts in evidence briefly stated are that Alfred Juranek and his wife owned a farm in Minnesota which was foreclosed. Thereafter, the son, Vernon, leased the farm and operated it. The personal property and all interests in the farm were then sold by Vernon and $1500 of the proceeds from such sales was sent to Leona Swenston, another member of the same family. This $1500 was later withdrawn upon his order and given to defendant, Christine Nielsen, pursuant to the agreements above set forth. The trial court found that of this sum $988 was used by defendants in payment of the trust deed outstanding upon the second parcel and that $800 was paid by Vernon and used in the purchase of the first parcel, but that no interest was conveyed to either of the plaintiffs.

Appellants first attack the pleadings, arguing that the cause of action is one for specific performance of an oral contract to convey land and that it is insufficient for that purpose because there are no allegations as to mutuality or value of the property. A complete answer to this contention is that the first cause of action was one to impress a resulting trust on the parcel of land described therein and that the second cause of action was one for a constructive trust. This was the theory of the complaint and the theory upon which the action was tried. The two causes of action are fully stated under this theory and meet the requirements of section 853 of the Civil Code, which reads: ''When a transfer of real property is made to one person, and the consideration therefor is paid

by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made,'' and of sections 2223 and 2224 of the same code declaring under what circumstances an involuntary or constructive trust arises. See *Hidden* v. *Jordan,* 21 Cal. 92; *Pavlovich* v. *Pavlovich,* 22 Cal. App. 500, 506 [135 Pac. 303]; and 25 Cal. Jur., p. 229.

■ Controlling the first cause of action, and referable to some extent to the second, is the settled principle that where there is no written contract, and a party sues to impress a purchase price resulting trust upon real property, the suit is on the presumption found in section 853 of the Civil Code, and not upon the oral contract or antecedent oral negotiations. (*Gerety* v. *O'Sheehan,* 9 Cal. App. 447, 449 [99 Pac. 545].)

■ Appellants contend that there is a failure of proof as to the existence and terms of the agreement, as to the existence of a conspiracy between the defendants and as to plaintiffs' ownership of the money involved. Also that plaintiffs failed to plead or prove that they had no adequate remedy at law. In answer respondents point out that though adequate proof of the agreement was made, it was not necessary since they are not suing to enforce the agreement, but to impose a trust. Furthermore, that since the trial court gave judgment in accordance with the agreement instead of a fee absolute to the respondents, it is apparent that appellants have not suffered prejudice from this portion of the judgment. The same answer covers the attack upon the evidence relating to the terms of the proposed conveyance and the existence of a conspiracy. ■ As to the ownership of the money, the evidence presents some slight conflict which the trial court resolved in favor of the respondents. Appellants cannot contend that substantial evidence was not offered which was sufficient to support this finding. ■ As to the failure to plead the existence of a legal remedy, this, of course, was not necessary since the action is plainly one in equity to establish these trusts.

■ Appellants again contend in a different manner that the judgment lacks evidentiary support because there was no competent proof that the property was to be conveyed in the manner specified in the judgment. The same answer applies to this contention—the respondents sued in their first cause of action to impress a trust upon the parcel of land upon the theory that they had furnished the purchase price. If suc-

cessful on that theory, they were entitled to a fee absolute. The judgment which creates a life estate and remainder to the respondent, Vernon Juranek, is more favorable to the appellants than they might expect under respondents' theory of the case.

We find no error and no prejudice to the appellants in the action of the trial court in allowing an amendment to conform to the proof. This merely permitted the withdrawal of another member of this family who had sued as a coplaintiff. No change of the cause of action in so far as the remaining plaintiffs and defendants are concerned was brought about by this amendment.

One feature of the case requires further consideration. In the first cause of action it is alleged that the respondent, Vernon, furnished $800, which was used ''for and on account of the purchase price'' of the first parcel of land and prayed that a resultant trust be declared in the property. The full purchase price of the property is not pleaded, but the parties concede that the appellants paid some part of it and obligated themselves to pay the balance by executing a deed of trust on the entire estate. The judgment gives Vernon title in fee to the entire estate subject to the life estates hereinbefore mentioned. This was error to this extent. When one party pays only a part of the consideration, the party taking title becomes trustee for the other party *pro tanto*. This rule is given in Restatement of the Law of Trusts, sec. 454, as follows: ''Where a transfer of property is made to one person and a part of the purchase price is paid by another, a resulting trust arises in favor of the person by whom such payment is made in such proportion as the part paid by him bears to the total purchase price, unless he manifests an intention that no resulting trust should arise or that a resulting trust to that extent should not arise.'' Here, of course, there is no contention that the respondents manifested any intention that no resulting trust should arise. The oral agreement alleged in the complaints must for these purposes be disregarded (*Gerety* v. *O'Sheehan, supra*), and we then have a case in which the respondents plead payment of a portion of the purchase price only with no pleading and no proof as to what portion was paid by the appellants. It is conceded that they placed a trust deed upon the property by which they obligated themselves up to a sum of $1400 payable in monthly

installments. It may be assumed that some portion of this has been paid. This distinguishes this case from the one just cited where the trust deed was an obligation upon all the parties. The rule announced in the Restatement of the Law is followed in *Case* v. *Codding,* 38 Cal. 191, 193; *Somers* v. *Overhulser,* 67 Cal. 237 [7 Pac. 645]; *Woodside* v. *Hewel,* 109 Cal. 481, 484 [42 Pac. 152].

This rule requires a modification of the judgment as to the first cause of action, but because of the small amount involved, the parties should not be put to a new trial. It should be a simple matter to ascertain the proportion of the whole purchase price paid by the respective parties and to adjust their relative rights in accordance with the foregoing rule.

The judgment as to the second cause of action is affirmed. The judgment as to the first cause of action is remanded for further proceedings in accordance with views herein expressed. The parties should bear their own costs on this appeal.

Sturtevant, J., and Spence, J., concurred.