# 𝔚ytheville.

## NEEL & AL. V. NEEL & ALS.

### JUNE 25TH, 1885.

SPECIFIC PERFORMANCE—*Case at bar.*—In 1850 R. N. conveyed to S. lands in trust to secure debt to H. In 1874 a balance remained due, and trustee advertised sale. R. N., then old and feeble, asked his son, R. R. N., to pay the debt, and to take the land as his own, on condition of maintaining R. N. and wife during life. R. R. N. agreed, paid the debt, took possession of the land as his own, R. N. and wife making their home with and being maintained by him for seven years. But in 1881, R. N. conveyed the lands to G. H. N. and T. J. N. on the same conditions,—they having full notice of the contract of R. N. with R. R. N. The grantees in the last conveyance instituted suit, setting up the deed of 1881, and praying for a deed to them from the trustee. R. R. N. answered, and the latter filed his cross-bill, setting up his contract, its part performance, and his readiness and ability to perform the same on his part, and praying for cancellation of the deed of 1881, and for a conveyance from trustee to himself.

HELD ;

By virtue of his contract, his payment of said balance, his possession and his part performance, R. R. N. has acquired an equitable title to the lands, which he has a right to have specifically enforced in equity.

Appeal from decree of circuit court of Tazewell county, entered at its May term, 1883, in a chancery cause wherein G. H. Neel and T. J. Neel were complainants, and R. R. Neel, Robert Neel, S. S. Dinwiddie and Joseph Stras, were defendants.

Opinion states the case.

*A. J. & S. D. May*, and *Henry & Graham*, for the appellants.

*H. C. Alderson*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Tazewell county, rendered at the May term, 1883, of the said court, in a chancery cause therein depending, in which G. H. Neel and Thomas J. Neel are complainants, and R. R. Neel, Robert Neel, S. S. Dinwiddie and Joseph Stras, are defendants.

On the 24th day of April, 1850, Robert Neel, the father of complainants, executed and delivered to Joseph Stras a deed of trust, whereby he conveyed to said Stras two tracts of land, situate in Tazewell county, Virginia, one of said tracts containing 150 acres, and the other 54 acres, in trust, to secure the payment of a debt of $230, due by said Robert Neel to E. G. Harman, with interest from the said 24th day of April, 1850, and payment of the costs and charges for the drawing and recording of the said deed.

The said indebtedness secured by this deed of trust was paid off in instalments, from time to time, by the said Robert Neel, except a balance of about $75, for which balance, remaining due and unpaid in 1874, S. S. Dinwiddie, who had been substituted as trustee by the county court of Tazewell county, in the stead of Joseph Stras, advertised the sale of the aforesaid lands, under the deed of trust, at the instance and request of the personal representative of the creditor, E. G. Harman, deceased. Robert Neel obtained an injunction restraining this sale; but it was, upon the hearing, dissolved; and the said Dinwiddie proceeded to sell the land. Robert Neel, old and feeble, was unable to raise the money to pay the debt, and he proposed to his son, R. R. Neel, to pay the debts secured by the deed of trust, and to take the land as his own, upon condition to maintain him, the said Robert Neel, and his wife, during life. To this R. R. Neel agreed; and he, by an arrangement, became the purchaser of the land, which was conveyed to him by deed from

the trustee, S. S. Dinwiddie, dated November 16th, 1874, and recorded in the clerk's office of the county court of Tazewell county, on that 'date, by virtue of which the said R. R. Neel took possession and enjoyment of the land as his own property, and his father and mother, the said Robert Neel and Nancy his wife, made their home with him, and were maintained by him for a continuous period of seven years, until a few weeks before the institution of this suit, when the said Robert Neel went to the home of one of the complainants.

On the 21st of March, 1881, Robert Neel executed and delivered a deed to Granville H. Neel and Thomas J. Neel, by which he conveyed to them this same land, for and in consideration of the agreement and undertaking of the said G. H. Neel and Thomas J. Neel to take care of and comfortably provide for and maintain the said Robert Neel and Nancy Neel his wife, for and during their lives, and for natural love and affection, and one dollar in hand paid, with covenants of general warranty. G. H. Neel and Thomas J. Neel filed the original bill in this cause, setting up this aforesaid deed of March 21st, 1881, from Robert Neel to them for the land; praying to have the deed aforesaid from S. S. Dinwiddie, substituted trustee, of November 16th, 1874, to R. R. Neel, vacated and set aside; and to have a deed decreed to be made to them by Joseph Stras, the legal and proper trustee, conveying to them the legal title to the said land. R. R. Neel, Robert Neel, S. S. Dinwiddie, and Joseph Stras, the original trustee, were made defendants. The bill was answered by the said R. R. Neel and Robert Neel; and the said Robert Neel also filed his cross-bill in the cause, making the said R. R. Neel defendant thereto. Various proceedings were had in the cause, which terminated at the May term, 1883, of the said circuit court, in the decree complained of, dismissing the original bill of complainants, with costs, and vacating and setting aside the deed of November 16th, 1874, from S. S. Dinwiddie, the substituted trustee, to R. R. Neel, for irregularities in his appointment and substitution as trustee; and requir-

ing Joseph Stras, the original trustee, in whom the legal title to the land was vested, to convey the same to the said R. R. Neel, stipulating in the deed that said R. R. Neel shall properly support and maintain the said Robert Neel and Nancy his wife, during their lives and the life of the survivor. The said Joseph Stras was directed to retain a lien, upon the face of the deed, upon the land conveyed, for the faithful performance of the covenant to maintain and support the said Robert Neel and Nancy his wife, by the said R. R. Neel. And the court further decreed that the cross-bill of Robert Neel be retained and continued in the cause; and that Joseph Stras report his action under the decree to the court.

From this decree this appeal is taken; and the errors assigned are, 1st, the circuit court erred in dismissing complainants' bill, and in refusing to grant them the relief specifically prayed for; and, 2ndly, in decreeing that R. R. Neel had any equitable title, or other, to the lands in controversy; and in directing the trustee, Joseph Stras, to convey the lands to R. R. Neel, as set forth in the decree.

The answer of R. R. Neel to the original bill of complainants expressly denies every material allegation in the bill, both of alleged fraud in the procurement of the contract, and of failure to perform his stipulations in the contract; and alleges possession for more than seven years of the lands, under the contract, and part performance; and avers his anxiety, ability, and constant readiness to fully perform and carry out the contract in good faith. The answer of Robert Neel to the original bill expressly admits the contract made by him with R. R. Neel as set up in the answer of R. R. Neel; and the proof in the record shows, that both Robert Neel and Nancy his wife had lived with and been maintained by R. R. Neel, upon the terms of the contract, for a period of over seven years from its date; and that Nancy, the wife of Robert and mother of R. R. Neel, is still living with him. That Robert Neel is aged, feeble and childish; and had, either of his own caprice or by instigation,

withdrawn himself from the house and home of R. R. Neel, who is ready and willing and able to receive him again, and to support and comfort his few remaining days upon earth.

The answer alleges, and the proofs show, that the complainants G. H. Neel and T. J. Neel, knew of the making and subsisting, of the arrangement contracted between Robert Neel, their father, and R. R. Neel, their brother; that they knew of his purchasing and holding the land under the sale and conveyance made to him by the trustee, Dinwiddie; that it was all done with their knowledge, consent and concurrence; that they did nothing to save the land from sale and sacrifice for the debts secured by the deed of trust; that they stood by without contributing towards the support of Robert Neel and his wife, for a period of more than seven years; and then, when the said Robert Neel was old and feeble and childish, they obtained from him a deed conveying the land in controversy to themselves, in fee, upon no consideration other than the stipulation to support the said Robert Neel for the few remaining days of his life.

R. R. Neel, by virtue of his contract with Robert Neel, and the payment of the balance of the debt secured by the deed of trust, and by his possession of the land, and part performance of the contract, by the maintenance of Robert Neel and his wife for seven years, acquired an equitable title to the land, which he has a right to have specifically enforced in equity; and which the decree of the circuit court of Tazewell county does enforce upon the terms of the contract: and finding no error in the decree complained of, it must be affirmed.

DECREE AFFIRMED.