## WAMSLEY v. LINCICUM ET UX.

1. **Trust**: GIFT OF LAND: MOTHER TO DAUGHTER: SUPPORT OF MOTHER: DEED DESTROYED: DECREE QUIETING TITLE AS PER TERMS OF GIFT. Plaintiff gave to her daughter the land in question in consideration of one-third of her support during life. The mother executed a deed accordingly, but never delivered it, The daughter took possession and made improvements, and afterwards the mother destroyed the deed and sought to recover the land. The daughter set up the facts in a cross-petition, and asked to have the title quieted in her. *Held* that the daughter is entitled to the relief asked by her, but that the decree should provide for one-third of the mother's support by the daughter, the annual amount of which should be determined by the court and made a lien on the land.

*Appeal from Page Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION to recover possession of land. The defendants pleaded an equitable defense, and by cross-bill claimed relief. There was a decree granting them the relief prayed for. Plaintiff appeals.

*Clark & Parslow* and *F. B. Moore*, for appellant.

*W. W. Morsman*, for appellees.

BECK, J.—I. The plaintiff brings this action to recover possession of forty-four acres of land. The defendants, Andrews and Marthena Lincicum, who are husband and wife, deny the allegations of the petition, and set up an equitable defense by way of a cross-bill, alleging that plaintiff, for the purpose of making provision for Marthena, her daughter, gave to her the land in controversy, and executed to her a deed of warranty therefor; that defendants took possession of the land under this gift in 1878, and have since continued therein, and have made valuable improvements upon it; and that the deed is now in the possession of plaintiff. The cause was tried as an action in equity, and a decree was rendered quieting the title in defendant Marthena.

II. The evidence, in our opinion, authorizes the conclusion that plaintiff did give and convey the land in controversy to her daughter, but she retained possession of the deed, and never caused it to be recorded. The defendants, relying upon this conveyance, entered into the possession of the land under the gift, made improvements thereon, paid the taxes, and occupied and cultivated it as their own. All of this was with the consent and under the directions of the plaintiff. She recognized their rights by various acts. One only need be mentioned. A railroad was located over the land. The damages therefor were settled with and paid to defendants at plaintiff's own suggestion, who at the time declared that she had given and conveyed the land to her daughter. She joined in the deed to the railroad company for the reason that her deed to the daughter had not been recorded. Prior to the commencement of this suit, a disagreement having occurred between plaintiff and defendant, she destroyed the deed.

III. In view of the facts,—the gift, conveyance, possession of the land and improvements made by defendant,—we are of the opinion that Marthena has established her right to the land. But it quite as clearly appears that such rights are subject to an obligation to contribute one-third of the cost of plaintiff's support during her life-time. The evidence clearly shows that

plaintiff owned a farm of a little more than a hundred and twenty acres, upon which she lived with her family, —two sons and her daughter, Marthena. Upon this farm the plaintiff depended for her support. She deeded separate and nearly equal portions of the land to each of her children, with the understanding that she was to live with them, and receive her support from them. Upon the marriage of her sons, each took possession of his share of the land, and upon the daughter's marriage she and her husband entered upon a separate occupancy of her part. That the defendants were to contribute to the support of plaintiff cannot be questioned; they admit the fact in their own testimony.

Now, while the court will enforce the conveyance to the daughter, it will only do it upon the terms of the gift. Defendants cannot claim equity without doing equity. They cannot enforce the gift, except upon complying with its terms, and while equity has jurisdiction of the case it will see that plaintiff's rights are protected and preserved. It will not cause defendants' title to the land to be quieted, and permit plaintiff to depend upon the unenforced obligation resting upon defendants to contribute to her support. It will provide that she shall be made secure in the receipt of one-third of her support from defendants. To secure the rights of the parties, the cause will be remanded for a decree in the court below, quieting the title of the land in defendants and securing the rights of plaintiff. It shall be declared in the decree that defendants shall hold the land subject to a lien for one-third of the support of plaintiff during her natural life, and the court below shall, upon supplemental pleadings to be filed by plaintiff, determine and render a judgment for the amount defendants shall pay annually, or at other shorter periods, for one-third of the support of plaintiff. Such judgment shall be a special lien on the land; and the decree establishing the amount and time of such payments shall provide that upon default of defendants, or either of them, to make payments, at the times prescribed, special execution shall

issue, and the lands, or such part thereof as may be necessary, shall be sold to satisfy such judgment, and general execution shall issue, in case of any balance remaining unpaid, as in case of forelosure of a mortgage.

MODIFIED AND AFFIRMED.