[Civ. No. 1464.   First Appellate District.—March 25, 1915].

## C. R. LAURENCE, Respondent, v. PACIFIC OIL AND LEAD WORKS, Appellant.

CONTRACTS—SALE OF COCOANUT OIL—CONSTRUCTION OF CONTRACT—PRESENT SALE.—Where a written contract recited that one of the parties "have sold" and that the other party "have bought" certain oil covered by the contract, and in an action against the seller to recover a certain amount on account of sales of the oil to certain customers it averred in the complaint that the defendant "sold" the oil in question, and in response to this averment, the defendant expressly admitted that it had "sold" the oil mentioned in the complaint and said "sale" was made in San Francisco, and in support of these averments and admissions the manager of the defendant testified "that the oil involved in this suit had been by us sold to the Cocoanut Products Co. (one of the parties to the contract); they had bought it on April 25, 1911. It was their oil. They bought it and we had sold it," it cannot be successfully contended on appeal for the first time that the transaction did not amount to such a complete purchase and sale as to pass the title to the oil.

ID.—RESALE OF OIL—AGENCY—RIGHT TO RECOVER OVERAGE—CONSIDERATION.—In such a case where the original purchaser sold to the plain-

tiff a portion of the oil deliverable under its contract, which was still in the hands of the original seller, and the latter agreed that upon sales by plaintiff of the oil to various of his customers at an added price it would deliver the oil directly to customers, as ordered by plaintiff, and collect from them the price at which he had sold it to them, and pay over to him the overage, to wit, the excess between the price at which he had bought it and the price at which he sold it to his customers, the contention that there was no consideration for the latter agreement between the plaintiff and the original seller cannot be maintained, as the transaction amounted to an agency between the parties, and the original seller cannot be heard to question the consideration moving to it for undertaking such agency after it had received plaintiff's money through its exercise.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, and A. D. Plaw, for Appellant.

Powell & Dow, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff for the sum of $687.13.

The facts out of which this action arose are substantially these: On the twenty-fifth day of April, 1911, the Pacific Oil and Lead Works, the defendant herein, made a written contract with the Cocoanut Products Company of Portland, Oregon, which recited that the Pacific Oil and Lead Works had sold, and the Cocoanut Products Company had bought, four hundred tons of a certain grade of cocoanut oil, to be shipped from April 25th to October 31st 1911, in quantities to suit the purchaser. In the month of August, 1911, the Cocoanut Products Co. found itself unable to use a portion of the oil which it had agreed to purchase, and since the market price of such oil seemed to be declining, the latter company concluded to sell the excess of the oil deliverable to it under its aforesaid contract. The plaintiff is a commission merchant and broker. His first transaction with the Cocoanut Products Co. consisted in his sale for them of seventy-five barrels of this oil upon a brokerage basis. Shortly after this

transaction was placed, the plaintiff entered into a contract with the Cocoanut Products Co. by which he was to buy from them a large part of the remaining portion of this oil for a net price, which he was to undertake to sell to customers of his own at figures which would yield him a profit. The oil was still in the hands of the Pacific Oil and Lead Works, and it was deemed desirable that, when the oil was delivered by the latter it should be transmitted directly to the plaintiff's customers. The Cocoanut Products Co. consequently requested the Pacific Oil and Lead Works to deliver said oil directly to the customers of the plaintiff as ordered by him. The plaintiff also came in touch with the Pacific Oil and Lead Works through its officers, and explained to them the situation, viz., that he had bought the oil from the Cocoanut Products Co. for a fixed price, and was about to sell it to various customers of his own at an added price, and that he wished to make an arrangement with the Pacific Oil and Lead Works, by which the latter would deliver the oil directly to the plaintiff's customers as ordered by him, and collect from them the price at which he had sold it to them, and pay over to him the excess between the price at which he had bought it from the Cocoanut Products Co. and the price at which he had sold it to his customers—which difference in price is called overage. The plaintiff testified that the defendant agreed to this arrangement and the court found such to be the fact. Thereupon the plaintiff sold three separate consignments of this oil to as many customers, notifying the defendant of the fact and detail of each of these sales. The defendant filled these several orders for said oil, and made collections thereon, according to the plaintiff's direction; but having done so, refused to pay plaintiff his overage. Hence this action.

The court found substantially the foregoing to be the facts, and rendered judgment for the plaintiff for the amount of his alleged overage. The defendant appeals.

The two main points which the appellant presents upon this appeal are: 1. That the contract between the appellant and the Cocoanut Products Co. was a mere executory contract for the sale of certain oil not in existence at the time such contract was made, and hence that the Cocoanut Products Co. had no such title to the oil as they could deliver to the plaintiff; and that having no title to the oil, the plaintiff could have no interest in the price at which it was finally

sold; and, 2. That the agreement between the appellant and plaintiff was without any consideration.

As to the first of these propositions, it may be noted that the written agreement between the appellant and the Cocoanut Products Co. purports on its face to be much more than a mere executory contract. It recites that the Pacific Oil and Lead Works "have sold," and that the Cocoanut Products Co. "have bought," the oil covered by the contract. In addition to this the plaintiff averred in his complaint that the appellant "sold" the oil in question to the Cocoanut Products Co., and in responding to this averment the defendant expressly admitted that it had "sold" to the Cocoanut Products Co. the oil mentioned in the complaint, and that said "sale" was made in San Francisco. In further support of the foregoing averments and admissions the manager of the defendant testified that "the oil involved in this suit had been by us sold to the Cocoanut Products Co.; they had bought it on April 25, 1911. It was their oil. They bought it and we had sold it." In view of this state of the record it is rather late to urge for the first time on appeal that the transaction between the appellant and the Cocoanut Products Co. of April 25, 1911, did not amount to such a complete purchase and sale as to pass the title to the oil to the Cocoanut Products Co.

The second contention of the appellant is that the agreement between itself and the respondent by which it was to, deliver the oil in question to his customers at the prices he directed, and collect and pay over to him the overage, was without consideration. We think that this contention is without merit. The plaintiff testified and the court found that the appellant had agreed to act for the respondent in the matter of delivering the oil which he had sold to his customers, collecting thereon at his prices, and paying over to him the difference between the price at which he had bought and sold the oil. This agreement reveals nothing more nor less than an agency between the parties to it, the obligation of which having been accepted by the appellant for reasons of its own not revealed by the evidence, it cannot be heard to question the consideration moving to it for undertaking such agency after it has received the respondent's money through its exercise. The money thus received does not belong to the Cocoanut Products Co. for it has already been credited with

the full price at which it sold to the respondent the oil.    It does not belong to the appellant, for it had no contractual relation with the ultimate purchasers of the oil, and could only have received the price at which it was sold to them as the agent of the respondent.    This overage was, therefore, the respondent's money.    Whether or not the price which the appellant received from the respondent's customers for the oil delivered to them was greater or less than the price at which the appellant had originally sold the oil to the Cocoanut Products Co. is, in view of the findings of the court, an immaterial factor in this case.

The appellant urges several other points of alleged errors occurring during the trial of the cause.    None of these, however, appear to us material, or sufficiently prejudicial to justify the reversal of the case.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1915.