428

Norman B. Livermore & Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Norman B. Livermore, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 6422–6424.   Promulgated April 6, 1928.

*Arthur H. Redington, Esq., Albert J. Dibblee, Esq.,* and *George E. H. Satchell, C. P. A.,* for the petitioners.
*P. M. Clark, Esq.,* for the respondent.

OPINION.

TRAMMELL: The only question involved here, outside of the jurisdictional questions which will be hereafter discussed, is whether the assets herein referred to belonged to the corporation or to the individual. This may be divided into two questions: First, whether the original assets contained in the offer of Norman B. Livermore to

the corporation became the property of the corporation and, second, whether the subsequently acquired assets became vested in the corporation.

Under the law of California the vesting of title upon a sale of personal property when the subject of the sale is identified, is governed by the intention of the parties to the transaction as disclosed by the terms of the agreement or as may be gathered from the circumstances attending the transaction, and is not dependent upon actual delivery, nor is it dependent upon a written instrument.

Section 1140 of the Civil Code of California is as follows:

The title to personal property, sold or exchanged, passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not.

In the case of *Blackwood* v. *Cutting Packing Co.*, 12 Pac. 493, the Supreme Court of California stated as follows:

It seems well settled that the question as to whether the title has passed is one as to the intention of the parties. And such intention is, as a matter of course, to be gathered from the language of the parties, considered in the light of all the circumstances of the case.

In *Browing* v. *McNear*, 158 Cal. 525; 111 Pac. 541, the court said:

When the terms of sale are agreed on, and the bargain is struck, and everything that the seller has to do with the goods is complete, the contract of sale becomes absolute, without actual payment or delivery, and the property and risk of accident to the goods vest in the buyer.

Again in *Fiddyment* v. *Johnson*, 18 Cal. App. 339; 23 Pac. 342, the court said:

In the case at bar the subject matter of the sale was perfectly identified, and the evidence was such as to justify the conclusion of the court that the parties had agreed upon a present transfer. The evidence therefore supports the finding that title passed to the purchaser at the execution of the contract.

The same rule is announced in *New Liverpool Salt Co.* v. *Western Salt Co.*, 151 Cal. 479; 91 Pac. 152; *Clark* v. *Rush*, 19 Cal. 393; *Lassing* v. *James*, 107 Cal. 50; 79 Pac. 592; *Laurence* v. *Pacific Oil, etc. Works*, 27 Cal. App. 69; 148 Pac. 964.

In this case Livermore's offer expressly provided that " it is understood that there shall pass by the acceptance of this offer all and singular the property of said business." In other words, title to the property specified in the offer should pass immediately to the corporation when the contract of sale was completed by the acceptance of the offer. This offer was accepted by the board of directors of the corporation on November 17, 1908. The offer was to sell to the corporation all the property of the business which had been conducted by Livermore " whether standing in the trade name or in the individual name."

The assets in question involved in the offer of Livermore were put upon the corporation's books. It paid all expenses in connection therewith, received all the income therefrom both Livermore and the corporation, treating it as corporation assets, and we think under the facts and the law applicable those assets became the property of the corporation and such property should be included in the petitioner corporation's invested capital and income therefrom should be considered in determining the corporation's earned surplus.

With respect to the property subsequently acquired, it appears that this property was acquired, with the exception of about 490 acres known as the Montesol Ranch, with corporate funds or by the exchange of corporate assets. The income from such property was treated as corporation income and expenses were paid by the corporation. It is a well settled rule of law that where one purchases property, real or personal, with funds or assets of another and takes title in his own name, a resulting trust in the property so purchased will arise in favor of the person whose funds or assets were used in its purchase. Section 853 of the Civil Code of California provides:

When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made.

In the case of *South San Bernardino, etc. Co.* v. *San Bernardino National Bank*, 59 Pac. 699, the court states as follows:

It is settled law that where one pays the purchase price of land and the land is thereupon conveyed to another, the title to the land is held, under such conveyance, in trust for the person who has paid the purchase price. (Civ. Code, Sec. 853.)

In *Woodside* v. *Hewell*, 109 Cal. 481, 484; 42 Pac. 152, the court says:

The equitable principle that when, upon the purchase of lands, the consideration therefor is furnished by one person, and the conveyance is taken in the name of another, a resulting trust in the lands is created in favor of the one from whom the consideration came, is well recognized.

And again the court says in *Hellman* v. *Messmer*, 75 Cal. 166, 169; 16 Pac. 766:

The rule is well settled that when real property is purchased, and one party pays the purchase money and another takes the title, a resulting trust arises in favor of the former, and the latter holds the title as his trustee. * * * It is not, however, necessary that the money should have been actually paid by the party setting up the trust. It may have been paid by the party who took the title, but advanced as a loan to the other party, and if so, a trust results.

The same rule is announced in *Barroilhet* v. *Anspacher*, 68 Cal. 116; 8 Pac. 804; *Brown* v. *Spencer*, 163 Cal. 589; 126 Pac. 493; *Pavlovich* v. *Pavlovich*, 22 Cal. App. 500; 135 Pac. 303; *Lezinsky* v. *Mason*, 185 Cal. 240; 196 Pac. 884; *Gerety* v. *O'Sheehan*, 9 Cal. App. 447;

99 Pac. 545; *Rothenbusch* v. *Hebel*, 11 Cal. App. 692; 106 Pac. 119; Perry on Trusts, sec. 123; 39 Cyc. 26, 104, 118, 119.

In *Buffalo, etc. R. R. Co* v. *Lampson*, 47 Barb. (N. Y.) 533, the court said:

If the consideration for the conveyance proceeds from the corporation, title taken in the name of an officer will be held in trust for the corporation, * * * and this is so even though the grantee is the sole owner of all the stock of the corporation.

In 14-A, C. J. 131, it is stated that—

A director, officer or agent who is charged with the duty of purchasing stock for the company has no right to purchase for himself * * *. Where he purchases for himself with corporate funds, he holds the stock as trustee for the corporation.

And again in the same volume of C. J. at page 116, it is said:

The rule that one may not purchase and hold as his own property which he is in duty bound to purchase for another applies to officers and directors of a corporation. Where they do so, they will be deemed to hold the title in trust for the corporation.

The courts have also held that a trust will result *pro tanto* in favor of one who advances part of the purchase money of land, the title to which is taken in the name of another. *Faylor* v. *Faylor*, 136 Cal. 92; 68 Pac. 482; *Moultrie* v. *Wright*, 154 Cal. 520; 98 Pac. 257; *Breitenbucher* v. *Oppenheim*, 160 Cal. 98; 116 Pac. 55; *Polk* v. *Boggs*, 122 Cal. 114; 54 Pac. 536.

The rule as to resulting trusts in property purchased with funds of another applies to personal property as well as real estate. *Lezinsky* v. *Mason, etc. Co. supra;* Perry on Trusts, sec. 130; 39 Cyc. 125.

In the citation from Perry on Trusts, the author says:

The rule embraces personal property as well as real estate, and if a man purchase a bond, annuity, stock, mortgage, or other personal interest, in the name of a third person, the equitable ownership results to the person from whom the consideration moves.

In view of the foregoing authorities and the facts in this case, it is our opinion that the real estate and securities which were acquired subsequent to the organization of the corporation and which were determined by the Commissioner not to be corporate assets, were the assets of the corporation, Norman B. Livermore & Co.

With respect to the Montesol Ranch, consisting of 490 acres, it appears that this was not purchased with corporate funds or assets but was acquired by Norman B. Livermore by inheritance. The corporation paid no consideration for the transfer of this property but it was set up on the corporation's books as corporate property, the corporation assumed possession, made improvements and repairs and paid all amounts of expenses connected with it with its own

funds and received all income therefrom. In other words, the corporation had the actual use, possession and enjoyment of the property. In our opinion, the parol gift, coupled with the actual possession, the improvements and expenditures, the fact that the corporation and the individual donor treated and considered the property as the corporation's property, was sufficient to vest the ownership of the property in the corporation.

In the case of *Husheon* v. *Kelly*, 162 Cal. 656; 124 Pac. 231, the Supreme Court of California said:

> It is well settled in this state and elsewhere that a gift of real estate may be made by parol, if possession is given and taken under such gift and acts done by the donee to carry out the purpose of the gift.

*Bakersfield T. H. Assn.* v. *Chester*, 55 Cal. 98; *Manley* v. *Howlett*, 55 Cal. 94; *Burlingame* v. *Rowland*, 19 Pac. 526; *Neel* v. *Neel*, 80 Va. 584; *Wamsley* v. *Lincicum* (Iowa), 27 N. W. 740.

The remaining portion of the Montesol Ranch subsequently acquired, although the title was held in the name of Livermore as an individual, having been acquired with corporate funds, was the property of the corporation and Livermore merely held the title in trust for the corporation.

With respect to the jurisdictional questions raised, we do not have jurisdiction of the year 1921 of the Norman B. Livermore proceeding, Docket No. 6423. In that year no deficiency was asserted. *Cornelius Cotton Mills*, 4 B. T. A. 255.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*