HON. E. H. C. WILLSON,
HON. NATHANIEL BACON,
HON. DAVID JOHNSON,
HON. SAMUEL T. DOUGLASS,  } JUDGES.
HON. SANFORD M. GREEN,
HON. GEORGE MARTIN,
HON. WARNER WING,

---

JOHN A. STEVENS, plaintiff in error, *vs.* HENRY C. TULLER, defendant in error.

In support of an account stated, it is sufficient to prove some existing antecedent demand between the parties, respecting which a balance was struck, without showing the nature of the demand, or the items comprising it. Where there is no acknowledgment of indebtedness, or promise to pay proven, such a count is not sustained.

Error to Hillsdale Circuit.

This was an action originally brought before a Justice of the Peace, the declaration being upon an account stated.

The substance of the plaintiff's testimony was, that he sold the defendant a farm for $930; that defendant paid at the time, in notes and money, all but $150 of the purchase money; that a deed was executed by plaintiff to the defendant, and left with a witness to be given to the Register of Deeds for record when $50 was paid, and no time was fixed for the payment of the $150 or the $50. The plaintiff recovered judgment before the Justice for $150; and upon appeal to the Circuit Court, recovered judgment for the same amount, upon which the writ of error was taken.

*D. Pratt,* for plaintiff in error.

The proof does not sustain the declaration. There was no antecedent debt, or dealing between the parties. The deed was not delivered, and the matter was not consummated. There could be no accounting together of, and concerning divers accounts and sums of money from the said defendant to the said plaintiff before *then* due and owing, and " then in arrear and unpaid." (5 *Moore,* 105; 4 *B. & C.,* 235; 6 *D. & R.,* 306; *S. C.,* 1 *T. R.,* 42; 1 *Chit. Plead.,* 391; 4 *Stark. Ev.,* 124.)

*J. K. Kinman,* for defendant in error.

By the Court, COPELAND, J.

It is not necessary in support of an account stated, to show the nature of the original transaction, or indebtedness, or to give the items constituting the account. It is sufficient to prove some existing antecedent debt, or demand between the parties, respecting which a balance was struck. Any admission of a balance or acknowldgement made by one party to another, that a sum of money is due to the latter, is sufficient *prima facie* evidence to entitle the plaintiff to recover

under this count. As Lord Mansfield says : " It is an agree-
ment by both parties that all the articles are true." It is not
necessary, however, that there should have existed mutual
accounts between the parties ; it may relate to a single debt
or transaction. Neither does the nature of the original trans-
action, out of which the acknowledgment of indebtedness
grew, appear to be material. It may have been for the sale
of lands, as in this case, as well as for the sale of other prop-
erty, or for personal services. But the admission of indebt-
edness must be clear and unqualified. (*Truman* vs. *Hunt*,
1 *T. R.*, 42 ; *Prouting* vs. *Hammond*, 8 *Taun*., 688 ;
*Knowles* vs. *Mitchell*, 13 *East.*, 247 ; *Evans* vs. *Verity*, *R.
& M.*, 237.)

In the case of Holmes *vs.* D'Camp (1 *John.*, 35), the Court
say : Formerly the stating of an account was considered so
deliberate an act as to preclude any examination into items,
and they cited Truman *vs.* Hunt. A greater latitude has of
late prevailed, and any errors may be shown and corrected,
but still the stating an account is regarded as a consideration
for a promise, and it is in the nature of a new promise.

In Keene *vs.* Botshore (1 *Esp.*, 189), it was held, that where
matters of account in dispute are submitted to arbitration,
and the arbitrator makes an award, the plaintiff may give
the same in evidence on an account stated, upon the ground,
as stated by Eyre, C. J., that as there were no arbitration
bonds, he should take the transaction respecting the reference
as a statement of the accounts between the parties, and an
admission of the balance due the plaintiff, and therefore it
could be given in evidence. In this case, the return shows
no evidence whatever of an acknowledgment on the part of
the defendant, that he was indebted to the plaintiff in any
sum, nor any promise to pay, except such promise as is
implied upon every sale and purchase of property. Murphy,
who was the only witness in the case, testified in substance,
that he was present at the sale of the farm ; that after the

defendant had made certain specified payments, there was still due the plaintiff $150, and upwards ; that the plaintiff executed a deed and other papers, which were delivered to the witness, who was to deliver them to the Register, to be recorded when $50 more should be paid by the defendant. But it does not appear that any time was fixed for the payment of the $50, or of the $150; or that there was any express promise or agreement on the part of the defendant that he would make such payments at any time ; or of any admission on his part, that either of the sums mentioned was still due. Nor is there any evidence that the deed had been delivered to the plaintiff in error, or that it had been recorded. The evidence leaves it in much doubt, as to whether this sum, for which judgment was rendered, was still due under the contract. The witness says, that he understood from a conversation between the parties, that $150, and upwards, remained unpaid. But, by deducting the amount he tells us was paid, from the whole sum to be paid for the farm, it leaves a much less sum due, than that for which judgment was rendered. He further says, that the deed was to be delivered when $50 more should be paid to Halloway, the Register, and he thinks that he subsequently paid the $50 for the defendant. Not only so, but it is less in doubt as to what amount was actually paid, at the time the contract was made. These facts are in no way material, except as they show the uncertainty of the proof upon the subject, and the improbability that there was such an accounting between the parties, such an express promise, or admission of indebtedness, on the part of the defendant as to render him liable upon a count, or an account stated.

It is made a point in the brief of the plaintiff in error, that " parol testimony is not admissible to prove the sale of real estate in an action to recover the purchase."

In the absence of any proof that the contract had been consummated by a delivery of the deed, that question migh.

well have been raised in another form of action, but it cannot in an action upon an account stated; for, under this count, as already remarked, the character of the original indebtedness is immaterial. It would not have been enough to show a sale of lands, either by deed or párol, unless that proof was accompanied by evidence of a subsequent accounting and promise to pay. In case, however, of such subsequent accounting, and promise, it seems that the party would be bound, although the original contract by the statute of frauds may have been void. (2 *Greenl. Ev.*, § 127.)

The judgment below must be reversed.

Present, COPELAND, JOHNSON, DOUGLASS, GREEN, and MARTIN, J. J.