GEORGE H. CHAPPELL v. HERBERT E. BARKLEY.

*Statute of frauds—Promise to pay debt of another.*

After rendering professional services to the amount of $27, a son of the patient told the physician to charge the bill to him, and also the services thereafter rendered. The $27 had been charged to the father in his surname, the physician being ignorant of his christian name, and the only change made was to prefix the initial letter of the son's christian name to the father's surname, with a lead-pencil. And it is held that the son's promise, as far as the $27 was concerned, was a mere naked verbal promise to pay the debt of another, upon which no legal liability could be predicated.

Error to Kent. (Adsit, J.) Submitted on briefs January 5, 1892. Decided January 22, 1892.

*Assumpsit.* Defendant brings error. Judgment reduced to $11. The facts are stated in the opinion.

*Frank A. Rodgers,* for appellant.

*Frank S. Donaldson,* for plaintiff.

McGRATH, J. Plaintiff, a physician, brought *assumpsit* in justice's court for professional services rendered to defendant's father in his last illness, and had judgment for $37. Defendant appealed to the circuit, where plaintiff had judgment for $38. The trial in the circuit was had before the court, who found—

"That plaintiff was the attending physician of W. Barkley, the father of defendant, during the said father's last illness, and that said Barkley died on or about the 25th day of March, A. D. 1889, and that said professional services commenced February 6, 1889, and continued until said 25th day of March, 1889; that on the 11th day of March, 1889, after the council of physicians had been had and the plaintiff was about leaving the house, the

defendant said to plaintiff, 'You do what you can for father, and you charge this bill to me, and what you do afterwards, and I will leave you some money before I leave town,' and plaintiff said, ' All right, Herbert;' that said account, prior to that time, was charged to 'Barkley' in an account that had been running some time prior to the said last sickness, and that the account was so charged to ' Barkley' because plaintiff did not know the full name of Barkley, Sr., and placed in front of said word ' Barkley' the letter ' H,' in lead-pencil, and this was the only agreement between the parties; that, subsequent to said conversation, the services rendered by plaintiff in attending to said Barkley, Sr., amounted to the sum of $16, upon which said plaintiff received from Mrs. Barkley, defendant's mother, the sum of $5, which was given her by defendant for that purpose, and the amount of the services for the last sickness of said Barkley, Sr., prior to the said 11th day of March, was the sum of $27."

As a conclusion of law the court found—

" That the charging of said account to defendant, at his request and direction, constitutes an original obligation against defendant."

The services rendered up to March 11, 1889, had been charged to defendant's father, and the amount accrued at that time was the debt of the father. Defendant's promise, so far as respects the $27 at that time charged, was a mere naked verbal promise to pay the debt of another, and no liability can be predicated upon such a promise.

The judgment will be reduced to $11. The costs of this Court, together with an attorney fee of $15 and other taxable costs in the circuit, will be given to the defendant.

The other Justices concurred.