## CHARLES ARMITAGE v. MARY H. SAUNDERS ET AL.

*Account stated—Evidence—Statute of frauds—Promise to pay the debt of another—Application of payments.*

1. It is not necessary, in order to a recovery upon an account stated, that the antecedent debt or demand between the parties be proved; citing *Stevens v. Tuller*, 4 Mich. 387; *Albrecht v. Gies*, 33 Id. 389.

2. Upon the transfer of the business of a copartnership, one of its creditors carried the balance due him into his account with the succeeding firm, and thereafter rendered monthly state-

ments, showing a varying balance in his favor, amounting, when the account was closed, to more than the original debit. The payments made largely exceeded the original debt, and some of them exceeded the balance due at the time on the new account. And it is held that it was competent for the new firm to pay the debt of the old firm in the manner stated, and that the creditor had the right to apply the payments upon said debt in the order in which they were made.

Error to Wayne. (Brevoort, J.) Argued January 5, 1893. Decided January 20, 1893.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*George X. M. Collier,* for appellants.

*Sylvester Larned* (*Ervin Palmer,* of counsel), for plaintiff.

MONTGOMERY, J. The plaintiff brought an action against the defendants to recover a balance due on account for services rendered as a blacksmith.

The defendants are keepers of a livery stable, the present firm having succeeded to the firm of Closs & Co., which firm was composed of one of the present members and one Closs, who retired in February, 1889, at which date the other two defendants were admitted to the firm. At this date the firm of Closs & Co. was owing plaintiff a balance of $72.95. This balance was carried into the account of the new firm, which was treated as the successor of the old, and bills were rendered monthly, upon which payments were made from time to time, the balance due plaintiff varying at different times from $27.75, on May 1, to $81.05, December 24, when the dealings between the parties closed. Considerably more than sufficient to satisfy the balance of February 23 had been paid at different dates, and some payments had been made when the payments by far exceeded the amount due on the new deal.

The only defense relied upon is the statute of frauds,

which exempts one from liability for the debt of another unless the obligation be evidenced by writing.[1]  The facts of the case render the statute inapplicable.  It was certainly competent for the defendants to pay the bill of plaintiff against Closs & Co., and this they have done, if the plaintiff is privileged to make application of the payments in the order received on an admitted bill.  This he has done, and, we think; rightly.

We think, also, that there was an account stated.  Under these circumstances, it is not necessary that the antecedent debt or demand between the parties be proved.  *Stevens v. Tuller,* 4 Mich. 387; *Albrecht v. Gies,* 33 Id. 389.

The judgment will be affirmed, with costs.

The other Justices concurred.

---

[1] See *Chappell v. Barkley,* 90 Mich. 35.