[Civ. No. 582.    First Appellate District.—November 9, 1909.]

## PHILIPPINA ROTHENBUSCH, Respondent, v. ADOLPH HEBEL and FREDA HEBEL, Appellants.

RESULTING TRUST—ACTION TO COMPEL CONVEYANCE—EFFECT OF FINDINGS—ADMISSION OF PLEADINGS—GIFT NOT INTENDED.—In an action to compel a conveyance of land, the purchase money of which was ·furnished by the plaintiff, where the effect of the findings and admission of the pleadings is that the land was purchased and paid for with the money of the plaintiff, and the title taken in the name of one of the defendants, without any consideration running from him, and without any gift being made to or intended for said defendant, there is thereby established a resulting trust in favor of the plaintiff, entitling him to recover the judgment prayed for.

ID.—GENERAL RULE AS TO RESULTING TRUST.—The rule is familiar that when, upon a purchase of real property, the purchase money is paid by one person, and the conveyance is made to another, a resulting trust immediately arises against the person to whom the land was conveyed, and in favor of the one by whom the purchase money is paid.

ID.—PLEADING—CONSIDERATION OF PURCHASE—VIOLATED AGREEMENT—DENIAL OF AGREEMENT AND PLEA OF GIFT—FINDINGS WITHIN ISSUES.—Where the complaint set forth an agreement made by the defendant when the purchase money was paid, which defendant violated, and the answer denied the agreement and pleaded a gift, findings that there was no consideration moving to defendant for the conveyance, and that there was no gift of the premises to the defendant, are responsive to the issues tendered by the pleadings.

ID.—SUPPORT OF FINDINGS AND JUDGMENT.—*Held,* that the findings made are supported by the evidence, and are sufficient to support the judgment rendered.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.    F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Walter E. Rode, and Gray & Rode, for Appellants.

Traylor W. Bell, for Respondent.

HALL, J.—Plaintiff brought this action to compel defendant Adolph Hebel to convey to plaintiff a house and lot,

bought and paid for with the money of plaintiff, but the title to which was taken in the name of Adolph Hebel.

Plaintiff had judgment as prayed for. Defendants moved for a new trial, which was denied, and they have appealed from the judgment and order.

The land in question was purchased from one Daisy Greenlay, who conveyed the title to defendant Adolph Hebel. Plaintiff agreed to provide the entire purchase price, and accordingly the entire purchase price was paid out of the money of plaintiff. In her complaint she alleges, "That the consideration for said undertaking on the part of said plaintiff was that said defendant, Adolph Hebel, would at all times give said plaintiff a home with said defendant, Adolph Hebel, in the house situated on said premises, and that said defendant Adolph Hebel would take charge of the running of said house, and would cause meals to be cooked for said plaintiff whenever said plaintiff was residing in said house, and that said defendant Adolph Hebel would at all times take care of said plaintiff herein, and that said defendant Adolph Hebel would at all times permit said plaintiff to have a room in said house in which said plaintiff could keep her personal belongings and her private papers."

It is further alleged that defendant Adolph Hebel has refused to perform any of the terms and conditions of said agreement on his part.

The defendants in their answer deny that defendant Adolph Hebel entered into or made any agreement as alleged in plaintiff's complaint, but allege that plaintiff purchased the premises and caused the same to be conveyed to defendant Adolph Hebel as a gift.

The court found "That said plaintiff, in providing said sum of twenty-three hundred ($2300) dollars for the purchase of said land, and in directing a deed of said land to be executed to said defendant, did so under the belief that said defendant had agreed with said plaintiff that said defendant would at all times give said plaintiff a home with said defendant in the house situated on said premises, and that said defendant would take charge of the running of said house, and would cause meals to be cooked for said plaintiff whenever said plaintiff was residing in said house, and that said defendant would at all times take care of said plaintiff, and would at all times permit said plaintiff to have a room in said house

in which said plaintiff could keep her personal belongings and her private papers'' . . .

''That said defendant, in taking the deed to said land in his own name, did so under the belief that said plaintiff intended to make an unconditional gift of said land to said defendant, but such was not the fact, and defendants repudiate and refuse to execute or perform said contract as understood by plaintiff.

''That there was no meeting of minds between said plaintiff and said defendant, and a resulting trust as to said property exists in behalf of plaintiff.''

The court further found that plaintiff did not make any gift of said land and premises to said defendant.

The effect of these findings and of the admissions contained in the pleadings is, that the land in question was purchased and paid for with the money of plaintiff and the title taken in the name of defendant Adolph Hebel, without any consideration running from Hebel, and without any gift being made to or intended for said defendant. That a resulting trust in the land exists in favor of the party paying the purchase price under such circumstances cannot be .doubted.

''The rule is familiar that when, upon a purchase of real property, the purchase money is paid by one person and the conveyance is made to another, a resulting trust immediately arises against the person to whom the land is conveyed, in favor of the one by whom the purchase money is paid.'' (*Campbell* v. *Freeman,* 99 Cal. 546, [34 Pac. 113].) To the same effect are *Polk* v. *Boggs,* 122 Cal. 114, [54 Pac. 536] ; *South San Bernardino etc. Co.* v. *San Bernardino Nat. Bank,* 127 Cal. 245, [59 Pac. 699] ; *Taylor* v. *Taylor,* 136 Cal. 92, [68 Pac. 482] ; *White* v. *Costigan,* 138 Cal. 564, 569, [72 Pac. 178] ; and Civil Code, section 853.

It is, however, urged by the appellant that the facts alleged in the complaint do not show a case of a resulting trust, in that after alleging the purchase of and payment for the land by plaintiff, and conveyance of the title to defendant, it is alleged that this was upon consideration of an agreement by defendant Adolph Hebel to do and perform certain things, which it is alleged he refused to do and perform. Defendant, however, denied the existence of any such agreement, and based his claim to the property upon the allegation that it was conveyed to him as an unconditional gift. The court

found in effect that there was no consideration for the conveyance to defendant, and that there was no gift of the premises to defendant. These findings respond to the issues tendered by the pleadings.

The facts found and admitted by the pleadings boil down to the simple proposition that the land was purchased by plaintiff and paid for with her money, and title conveyed to defendant Adolph Hebel. No gift was made or intended, and no consideration given or agreed to be given for such conveyance. Immediately upon such conveyance being made a trust resulted in favor of the party paying the purchase price, and the trial court correctly so held.

Appellant contends that the finding that plaintiff did not make a gift of the land in dispute to defendant Adolph Hebel is not supported by the evidence. Upon this point it is sufficient to say that we have carefully examined the evidence, and think it is sufficient to support the finding made by the trial court.

The findings made are responsive to the issues tendered by the pleadings, dispose of all material issues, and support the judgment rendered.

The judgment and order are affirmed.

Kerrigan, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1910.