[Civ. No. 2237.   First Appellate District.—December 7, 1917.]

## MADS C. MADSEN, Respondent, v. MARTIN MADSEN et al., Appellants.

[Civ. No. 2267.   First Appellate District.—December 7, 1917.]

## MADS C. MADSEN, Appellant, v. MARTIN MADSEN et al., Respondents.

RESULTING TRUST—TRANSACTION BETWEEN PARENT AND CHILD—JUDG-
MENT SUPPORTED BY FINDINGS.—In an action by a parent against his son to have a resulting trust declared in real property to the extent of the sums which the former claimed to have contributed to the purchase price, the finding that the plaintiff furnished money to the defendant with the understanding that he was to buy and improve the property and upon the assurance, belief, and understanding that they would occupy the premises jointly, that the sum was not intended as a loan, gift, or advancement or compensation, and that no consideration was given therefor, is sufficient to support the judgment in plaintiff's favor, although it was not expressly found that a resulting trust arose.

ID.—CODE PRESUMPTION APPLICABLE TO PARENT AND CHILD.—Under the broad terms of section 853 of the Civil Code and the decisions construing and applying the same, the presumption of a resulting trust will be indulged in when the transaction is one between parent and child or husband or wife, or between members of the same family.

APPEALS from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge.

The facts are stated in the opinion of the court.

Martinelli & Greer, for Appellants in Civil No. 2237 and for Respondents in Civil No. 2267.

H. L. Hagan, for Respondent in Civil No. 2237 and for Appellant in Civil No. 2267.

RICHARDS, J.—These two appeals have been taken in the same case and from different parts of the same judgment, and it has been stipulated between the parties that the same transcript shall suffice for both appeals.

The facts of the case upon which both appeals depend for their determination are substantially these: The plaintiff, Mads C. Madsen, was a native of Denmark, where he lived until he was about fifty-five years old, when he came with his wife to California. Five grown children had preceded him to this state. Shortly after his arrival he and Hans Madsen, one of his sons, bought a ranch near Santa Rosa, where he lived with his said son for a while. In November, 1899, this ranch was sold, and the plaintiff herein received his share of the proceeds of such sale. Not long thereafter he received an invitation from the defendants herein to come and live with them at their home in San Rafael. The family of the defendants consisted of themselves and four children, and they were living in a small four-roomed cottage for which they were trying to pay. This was apparently inadequate for the two families. The defendant Martin Madsen had been for some time desirous of acquiring a larger lot and building another house but was unable financially to do so. It was presently arranged that the plaintiff should furnish the sum of one thousand two hundred dollars, which his said son Martin was to put into the purchase of two lots and the building of a house thereon large enough to accommodate

both families. This was done; the lots were purchased for $750, the conveyance being taken in the name of the son, who contracted for a house to be erected thereon at a cost of $1,950. He borrowed the sum of one thousand dollars from a lumberman, which went into the cost of the house, and when it was about completed he found that he still needed the sum of five hundred dollars, which upon application his father supplied. The two families moved into the house upon its completion in the year 1900. The plaintiff's wife died the following year, and the plaintiff continued to live with the defendants until the year 1914, when difficulties having arisen, the plaintiff was forced to leave the house and go and live at the home of one of his daughters in San Leandro. In the month of November, 1914, he commenced this action to have a resulting trust declared in the San Rafael property to the extent of the two sums of one thousand two hundred dollars and five hundred dollars which he claimed to have contributed to its purchase price.

Upon the trial the court found in plaintiff's favor as to the fact that a resulting trust had arisen in so far as the plaintiff's first contribution of the sum of one thousand two hundred dollars to the original purchase price of the property was concerned; but the court found in the defendants' favor as to the latter sum of five hundred dollars advanced by the plaintiff upon the theory that the advance of said later sum was in the nature of a loan to the defendants which they agreed to repay, and hence as to it no resulting trust in the property arose. From that portion of the judgment which declares a resulting trust to have been created as to the said sum of one thousand two hundred dollars invested in the purchase and improvement of the property in question the defendants have appealed; while as to the latter portion of the judgment declaring that as to the later advance of five hundred dollars no resulting trust arose the plaintiff has appealed, and both appeals have been transferred to this court for review.

The defendants upon the first of these appeals make two contentions—first, that the findings do not support the judgment; and second, that the evidence is insufficient to sustain the findings.

As to the first of these points we find no merit in the defendants' contention. It is true that the court did not expressly

find as a fact that a resulting trust arose from the payment by the plaintiff of the sum of one thousand two hundred dollars to his son, and by the latter's investment of this sum in the purchase price and improvement of the property in question. But, on the other hand, the court did find that the plaintiff furnished the said sum to his son with the understanding that he was to buy and improve the lots, and that he did so upon the assurance, belief, and understanding that the two families would occupy the premises jointly, and that the said money when so received by his said son would be so applied. The court further found "that the said sum of one thousand two hundred dollars or any part thereof was not intended by the said parties, or either of them, to be a loan, gift, or advancement or compensation to the defendants Martin Madsen and Frieda Madsen, or either of them, for the support of said plaintiff or the family of said plaintiff, and that no consideration whatever was given by said defendants Martin Madsen and Frieda Madsen, or either of them, for the said sum of one thousand two hundred dollars." From these findings the legal inference of a resulting trust arose, and accordingly the court found as a legal conclusion that the plaintiff was entitled to an equitable ownership in the said property amounting to twelve twenty-sevenths thereof. We think these findings fully support that portion of the judgment which so decrees.

The second contention of the appellants upon their appeal is that the evidence does not sustain the findings of the court in the respect above stated. The testimony of the father and son is in sharp conflict as to the understanding between them at the time the father paid over the one thousand two hundred dollars to his son. The father did not understand or speak the English language and testified through an interpreter. Doubtless his testimony lost something of its directness in the process of translation, but we think that it sufficiently shows, if believed by the court, that the plaintiff was led to understand and believe, and did so understand and believe, that he was to have an interest in the property and a home thereon as long as he lived, and that the payment by him of the sum of one thousand two hundred dollars to his son for investment in the property in question was made upon this understanding and belief, and that the same was not entitled to be a gift or advancement or loan.

Some space is devoted in the briefs of counsel for the defendants upon this first appeal to the proposition that the presumption of a' resulting trust will not be indulged in when the transaction in question is one between parent and child or husband and wife, or between members of the same family. But such is not the rule in this state under the broad terms of section 853 of the Civil Code and the decisions construing and applying the same. (*Faylor* v. *Faylor,* 136 Cal. 95, [68 Pac. 482]; *Rothenbusch* v. *Hebel,* 11 Cal. App. 692, [106 Pac. 119]; *Brison* v. *Brison,* 75 Cal. 527, [7 Am. St. Rep. 189, 17 Pac. 689]; *Becker* v. *Schwerdtle,* 141 Cal. 386, [74 Pac. 1029].) Upon a review of the entire testimony in the case we are satisfied that it sufficiently sustains the findings and judgment of the trial court. This portion of the judgment appealed from by the defendants will therefore be affirmed.

The plaintiff herein has also prosecuted an appeal from that portion of the judgment which decrees that as to the subsequent payment of five hundred dollars made by the plaintiff to his son Martin Madsen no resulting trust arose. It is sufficient upon this appeal to say that in respect of this payment also the evidence is conflicting, and that the trial court was entitled to resolve such conflict in the defendants' favor, and having done so we shall not interfere with the discretion which it clearly has not abused.

As to the second appeal the judgment is also affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1918.