[Civ. No. 7143. First Appellate District, Division Two.—March 3, 1930.]

W. B. KAPLAN, Respondent, v. REID BROS., INC. (a Corporation), Appellant.

B. S. Gregory for Appellant.

Ford & Johnson for Respondent.

DOOLING, J., *pro tem.*—On January 24, 1921, the respondent purchased from the appellant corporation, acting through its president and general manager, M. L. Reid, ten shares of its capital stock for the sum of $1,000. Contemporaneously and as a part of the same transaction, the following agreement was executed and delivered to respondent:

"This letter will serve to verify our verbal agreement made today as follows:

"Should you, at any time, desire to dispose of the ten shares of the First Preferred Stock in Reid Bros. Inc. which you have this day purchased from the Company, the Company agrees that it will at any time, on thirty days' notice, return you the par value of this stock, plus any accrued dividends.

"This letter is to be considered part of the agreement and sale of the ten shares of the First Preferred Stock to you.

"Yours very truly,

"(Signed)   REID BROS. INC.

"M. L. REID,

"General Manager."

On February 10, 1927, respondent demanded of the corporation that it carry out this agreement by repurchasing the stock, and upon the corporation's failure so to do, this action was brought. Judgment followed for the respondent for the sum of $1,000, the par value of the stock, together with interest from March 10, 1927, and from that judgment this appeal is taken.

■ Appellant is a Nevada corporation. The claim is made that under section 75 of the General Corporation Law of Nevada the contract sued upon is invalid. The section relied upon is practically identical with section 309 of our Civil Code, and appellant's contention is put at rest by *Schulte* v. *Boulevard Gardens Land Co.*, 164 Cal. 468 [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582]. Since no Nevada decision has been cited to us giving a different effect to the Nevada statute, we must presume that the effect of the Nevada law is the same as our own as construed by the Supreme Court in the case above cited.

■ We are not impressed by the contention that the general manager was without authority to execute the contract sued upon. He was the only person representing the corporation in the sale of the shares of stock in question, and respondent "had the right to assume that the salesman was authorized by the corporation to do those legal acts which the nature of his employment seemed to warrant. The agent, in other words, was ostensibly clothed with unlimited authority and upon familiar principles appellant should not be heard to disavow and repudiate the contract made by him." (*Tidewater Southern Ry. Co.* v. *Harney,* 32 Cal. App. 253, 257, 258 [162 Pac. 664, 667]; *Tidewater Southern Ry. Co.* v. *Merz,* 35 Cal. App. 405, 418 [169 Pac. 1054].)

■ Although the contract sued upon in terms purported to give respondent the option "at any time" to have his stock repurchased by the corporation, appellant insists that the option must none the less be exercised within a reasonable time and that more than a reasonable time had elapsed before the making of respondent's demand and that the action is barred by the statute of limitations. The use of the words "at any time" in the contract before us indicated an intention of the parties that the option given respondent was not one as to which there was any necessity or occasion for promptness in its exercise, but quite the contrary. Literally construed it would give respondent the right to exercise the option in perpetuity, and even though it will not bear this construction as a matter of law, its inclusion in the contract is to be taken into consideration in determining what is a reasonable time for the exercise of the option under

all the circumstances. ▪ In cases where a demand is necessary before a cause of action arises, the statute of limitations does not begin to run until the demand is made. The demand, however, must be made within a reasonable time and a time coincident with the period of the statute of limitations will ordinarily be deemed to be reasonable; but "where delay in making the demand is expressly contemplated, even though the obligation is payable on demand, there is no rule of law that requires that demand shall be made within the statutory period for bringing an action." (1 Wood on Limitations, 4th ed., sec. 118, p. 617; 37 Cor. Jur., pp. 966, 967; *Vickrey* v. *Maier,* 164 Cal. 384, 390, 391 [129 Pac. 273, 274].) In *Vickrey* v. *Maier,* the Supreme Court had under consideration a contract for the repurchase of stock "at any time after six months" and held that a delay of more than four years in making a demand after the lapse of the six months' period was not unreasonable. ▪ In our case the delay was somewhat longer, but the question of what was a reasonable time was primarily a question to be decided by the trial court and we cannot hold that the trial court's determination, that the option was exercised within such time as to entitle respondent to recover under the contract, was erroneous.

▪ The following language appears among the conclusions of law made and filed by the trial judge: "That upon the payment of said sum of one thousand ($1,000.00) dollars, together with interest and costs to plaintiff, said plaintiff deliver to defendant said ten shares of the first preferred stock of defendant." Through some inadvertence no such provision was made in the judgment. It is clear that upon the payment of the judgment appellant is entitled to have the certificate representing the stock and the stock returned to it. The omission of this provision from the judgment, in view of the conclusion of law above quoted, would appear to have been an oversight of court and counsel and one which might have been corrected by the trial court upon timely application. Apparently no such application was made and for that reason we feel that respondent should recover his costs on appeal. The judgment is accordingly modified by inserting therein just above the date and signature of the trial judge the language above quoted from

the conclusions of law, and as so modified it is affirmed, respondent to recover his costs on appeal.

Sturtevant, J., and Nourse, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1930.