[Civ. No. 9259. First Appellate District, Division Two.—September 27, 1934.]

C. A. HOOPER & CO., (a Corporation), Appellant, v. FREEMAN, SMITH & CAMP CO., (a Corporation), Respondent.

McKee, Tasheira & Wahrhaftig for Appellant.

Bacigalupi, Elkus & Salinger for Respondent.

SPENCE, J.—Plaintiff filed a "Complaint for Money" seeking to recover the sum of $9,900. The cause was tried by the court sitting without a jury and from a judgment in favor of defendant, plaintiff appeals.

The transaction out of which this controversy arose took place on or about March 25, 1930. The defendant corporation was engaged in selling securities and on or about the

date mentioned, sold to plaintiff ten bonds of the Felice and Perrelli Canning Company for the sum of $9,900. On April 27, 1932, being more than two years later, plaintiff sent a letter to defendant claiming that defendant had agreed to repurchase said bonds at the price paid by plaintiff, stating that plaintiff elected to avail itself of said agreement and demanding that defendant repurchase the bonds. Defendant denied the existence of any such agreement and refused to comply with the demand. Thereafter plaintiff sought to rescind the sale, offered to return the bonds upon payment of the money, and demanded the purchase price. Upon the refusal of defendant to pay said sum, plaintiff brought this action.

The trial court found against plaintiff on the issue of the existence of said agreement and further found "that the demand made by plaintiff upon defendant under date of April 27, 1932, to repurchase the said bonds in accordance with said alleged agreement was not made within a reasonable time after the purchase of said bonds by plaintiff from defendant".

Appellant makes several attacks upon the findings of the trial court, but it is conceded that the judgment should be affirmed if the evidence was sufficient to sustain the finding above quoted relating to appellant's failure to demand a repurchase within a reasonable time.

There is no written agreement signed by both parties in connection with the sale of the bonds. The customary letter confirming the sale was delivered to appellant, together with the statement covering the transaction. Neither the letter nor the statement made any reference to any agreement to repurchase the bonds and appellant took no exception to the contents of these instruments. Appellant claimed that the alleged agreement had been made by a salesman of respondent corporation. There was testimony to show that said salesman had made a pencil memorandum on a prospectus at the time of taking the order as follows. "Less one point on block of 10M or more. We to give guarantee bid of same." There was also testimony to show that the salesman had previously said that the respondent corporation would repurchase the bonds at the price paid "at any time". The evidence offered by respondent showed that the salesman had no authority to make any such statement or agreement.

The vice-president of respondent testified that agreements by investment bankers to repurchase securities sold "were most extraordinary and unusual" and that no agreement of this kind had ever been made by the respondent company unless approved by the officers. He further testified that he had never heard of an investment banker making such an agreement without limitation as to time. We will nevertheless assume for the purpose of this discussion that the alleged agreement was made by the salesman and that respondent was bound thereby. Thereafter appellant held the bonds for over two years. More than one year before attempting to assert its alleged rights, the market price of the bonds started to decline and continued to decline steadily thereafter.

In support of the contention that the above-quoted finding is not sustained by the evidence, appellant cites and relies upon *Kaplan* v. *Reid Bros. Inc.*, 104 Cal. App. 268 [285 Pac. 868]. ■ In that case there was a written agreement signed by the parties whereby the defendant agreed to repurchase "at any time". It was nevertheless recognized that plaintiff was bound to exercise his right within a reasonable time. The trial court's determination in that case that plaintiff had exercised his right within a reasonable time under the circumstances was sustained, but the court said on page 272 of the opinion that " . . . the question of what was a reasonable time was primarily a question to be decided by the trial court". In *Hoppin* v. *Munsey*, 185 Cal. 678 [198 Pac. 398], the Supreme Court said at page 684, "The question of what is a reasonable time depends in each case upon its own particular circumstances. It is primarily a question of fact for the determination of the trial court." (See, also, *Hougland* v. *Roth Blum Packing Co.*, 99 Cal. App. 631, 635, 636 [279 Pac. 159] ; *Singh* v. *Cross*, 60 Cal. App. 309, 315 [212 Pac. 946].) In this connection, attention may be called to the language found in *Leadbetter* v. *Price*, 103 Or. 222 [202 Pac. 104], where the court said at page 109, "The cases relating to option contracts for the purchase of corporate stock disclose that courts are inclined to measure a reasonable time for the exercise of such option by months rather than years". ■ In the instant case the trial court was dealing with the question of what constituted a reasonable time within which to make a demand to re-

purchase corporate securities of fluctuating value. As the evidence showed that the demand was made more than two years after the sale and more than one year after the market price had started to steadily decline, it cannot be said that the evidence was insufficient to sustain the finding that said demand was not made within a reasonable time. It being conceded that this appeal must fail if the evidence was sufficient to sustain said finding, we deem it unnecessary to discuss the other points raised.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.