[Civ. No. 2215. Fourth Appellate District.—May 19, 1938.]

CLARENCE WOOLLOMES, Appellant, v. A. GOMES, Respondent.

John Preston King for Appellant.

Halbert & Stone for Respondent.

HAINES, J., *pro tem.*—On August 30, 1926, defendant and respondent A. Gomes, executed and delivered to one Luther Davis, who is the assignor of plaintiff and appellant Clarence Woollomes, a promissory note for $700 and interest payable by its terms six months after date, with reasonable attorneys' fees in case of suit. On June 16, 1927, Davis, as party of the first part, and respondent, as party of the second part, entered into a mutual agreement in writing reciting that there then remained an unpaid balance of principal and interest on the note amounting to $609.70; that respondent would then and there pay to apply thereon $125, receipt whereof Davis acknowledged, and that respondent would thereafter pay $50 per month between the first and the tenth days of each month to apply on the indebtedness until both principal and interest should have been fully satisfied. The agreement contained *inter alia* the following language:

"That in consideration of the payments above mentioned, party of the first part covenants that he will not commence legal action upon the promissory note above mentioned; but will credit each and every payment thereon, giving interest due the preference in said credit.

"It is understood and agreed that in the event that second party shall fail to make the payments above mentioned at the time agreed upon therefor, that party of the first part shall no longer be obligated under this instrument, and may then, upon ten days notice to party of the second part resort to any legal action for the collection of said note, that he may be entitled to by virtue of law; that any and all payments made upon said contract shall first be credited to said note, prior to the commencement of legal action."

The agreement recited that as additional consideration for the contract Davis had received from respondent the sum of $1.

Appellant, as plaintiff, commenced the present action on June 22, 1937, setting up the above-mentioned note and the agreement of June 16, 1927, alleging subsequent payments on account, amounting to $380, and stating in the amended complaint that on May 22, 1937, pursuant to the contract, Davis had notified the respondent in writing that, unless the indebtedness were paid in ten days, legal action would be commenced, and that thereafter Davis had assigned the note and his rights under the contract to appellant, that payment

had not been, made and that there remained due and unpaid $229.70 on the principal besides interest, together with $100, alleged to be the amount of appellant's reasonable attorney's fees, for all of which recovery was sought. Respondent demurred to the amended complaint, setting up the bar of subdivision 1 of section 337 of the Code of Civil Procedure, and, his demurrer having been sustained without leave to appellant to further amend, judgment was entered in his favor and it is from this judgment that the present appeal is taken. Appellant's contention, as stated in his opening brief, is that:

"The plaintiff in this action waived his legal right to commence suit upon the delinquent note. And thereby the defendant impliedly waived the limitations of action."

And again:

"It is clear that plaintiff waived his legal right to commence suit upon the delinquent note until the happening of a certain contingency, that is, giving ten days notice in writing. We maintain that this is an implied agreement on the part of defendant that he will waive the limitations of action. And the forbearance to sue was at the request of the defendant."

Obviously, by "plaintiff" what appellant means is "plaintiff's assignor".

There has been considerable discussion in the briefs as to whether the instant action is upon the note of August 30, 1926, or the agreement of June 16, 1927. Manifestly, the correct statement of the situation is that it is upon the former, as modified by the latter, or, in other words, that the rights of the parties are measured by the two instruments when read together.

Cases frequently arise where debtors are, by reason of their conduct, estopped to set up the statute of limitations. In *Roper* v. *Smith*, 45 Cal. App. 302, 305, 306 [187 Pac. 454], the court said:

"It is no doubt well settled that where a party has been induced by the debtor to forbear suit until his right of action is barred by the statute, the latter will be estopped to say that the action is brought too late (1 Woods on Limitations, sec. 76); and in this state an even more liberal rule has been recognized, viz., that 'if pending the running of the statute the time of payment is extended by the creditor, with the

assent of the debtor, the statute does not run during the time of the suspension'. (*State Loan etc. Co.* v. *Cochran,* 130 Cal. 245 [62 Pac. 466, 600] ; *Smith* v. *Lawrence,* 38 Cal. 24 [99 Am. Dec. 344].) In each of these cases the forbearance was for a definite agreed time, and the period of limitations was held to be extended in the same measure. And this suspension of the statute is held to arise by virtue of the principle of equitable estoppel, the delay in bringing suit, and the consequent jeopardy to the interests of the creditor, being attributed by the law to the action of the debtor, of which he may not take advantage.

"In the case at bar there was no definite period that the creditor agreed to forbear, but as there was a valuable consideration given for such forbearance the law would imply that it must be for a reasonable duration."

So far as this doctrine is concerned, however, we deem it inapplicable to the instant case. Though the contract of June 16, 1927, be treated as having been made for valuable consideration moving to appellant's assignor, Davis, yet Davis was not, by its terms, obligated to forbear insisting on the payment of all or any part of respondent's obligation, after delinquency, otherwise than by allowing the above-mentioned ten days to elapse after the notice to be given by himself. To be sure, he did agree to forbear so long as the monthly payments of $50 each continued to be punctually made, and further agreed that if any default occurred in making them he would resort to no legal action without giving ten days notice to respondent of his intention to do so. As pointed out in respondent's brief, however, to have made the payments aggregating $380 referred to in the amended complaint as having been made after he entered into this contract, respondent would have had to make the equivalent of seven full payments, the first of which would be due under the terms of the contract not later than July 10, 1927, plus one payment of $30, which would apply upon but not satisfy the eighth full payment required; and since any failure to make a full payment on time would amount to a breach on his part of the contract he must have breached it at a date which respondent describes as not later than March 10, 1928, but which, according to our calculation, must have been not later than February 10, 1928. Treating the contract of June 16, 1927, as having sufficiently modified the terms of

the note so that the time when the statute of limitations began to run is to be considered with reference to the terms of the contract rather than with reference to the original terms of the note, it is still patent that the four years allowed by subdivision 1 of section 337 of the Code of Civil Procedure for commencing an action would have expired with February 10, 1932, unless further time were allowed in consequence of the requirement of the ten days' notice. We must next consider, therefore, the effect of that requirement.

Our attention is, in that connection, called to a somewhat comprehensive statement in 16 California Jurisprudence, pages 492–494, as follows:

"It has been said that a distinction may well be drawn, so far as the statute of limitations is concerned, between cases in which a demand is merely a preliminary requirement to the bringing of suit, and those in which a demand is a condition precedent to a right, as to a right to a return of property. Where a right has fully accrued except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time make, if he so chooses, the cause of action has accrued for the purpose of setting the statute of limitations running. Since a creditor is able at any time to bring an action when he can by his own act fix the time of payment, it is no stretch of language to say the cause of action accrues for the purpose of setting the statute in motion as soon as he, by his own act and in spite of the debtor, can make the demand payable.

"Where a demand is an integral part of a cause of action, the statute of limitations does not run until demand is made. The plaintiff cannot, however, indefinitely suspend the running of the statute by delaying to make a demand. The general rule is that where an actual demand is necessary to perfect a right of action and no time therefor is specified in the contract, such demand must be made within a reasonable time after it can lawfully be made. What is a reasonable time depends upon the circumstances of each particular case; but in the absence of peculiar circumstances, a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period, the action will be barred."

The cases cited in the article from which we have just quoted in support of the propositions there laid down are

too numerous to be discussed in detail here. Suffice it to say of them that, speaking generally, they support the text.

Appellant's position in the instant case, as we understand it, is, in brief, that (a) no cause of action could accrue until the assignor Davis gave the ten-day notice; (b) that the four years allowed by subdivision 1 of section 337 of the Code of Civil Procedure for filing the action did not, therefore, begin to run until the notice was given; and (c) that, since the notice was not given until shortly before the action was filed, it was filed well within the time allowed. Manifestly, however, unless the first of these three propositions is correct, all three are untenable, and we do not agree that the first of them is correct. It is true, as counsel for appellant urges, that a distinction is drawn, so far as the limitation of actions is concerned, between cases in which a demand is merely a preliminary requirement to the bringing of an action and those in which a demand is a condition precedent to a right. (*White* v. *Costigan,* 138 Cal. 564 [72 Pac. 178]; *Gamewell F. A. T. Co.* v. *Los Angeles,* 45 Cal. App. 149 [187 Pac. 163]; *Kaplan* v. *Reid Bros., Inc.,* 104 Cal. App. 268 [285 Pac. 868]; *Rossi* v. *Jedlick,* 115 Cal. App. 230 [1 Pac. (2d) 1065].) However, the two situations tend to shade into each other, and, as is illustrated by the present case, the line of demarcation is not always a clear one, and there is some danger of giving to merely formal differences an undue importance. Where one whose right to sue is subject to no greater obstacle than a requirement that he give ten days' notice in advance, and it appears that he might, at his mere volition, have given it at any time within a period of years from some ascertainable date (in this case following a date at least as early as February 10, 1928), we do not believe that the accrual of his cause of action can be said to be indefinitely suspended for years, which might readily run into decades, pending the time he may choose to give the notice. If, in such circumstances, he delay for an unreasonable time, his right to sue ought, in consequence, to be treated as having in effect both accrued and lapsed. In the present case appellant actually took all the time that elapsed between at least as early a date as February 10, 1928, and May 22, 1937, when, according to his amended complaint, the notice was actually given, a period of nine years, three months and twelve days. If he had served his notice at any

time within, say the five years next following the time when his right to serve it must have accrued, the further four years limited by section 337, subdivision 1, of the Code of Civil Procedure for commencing his action, would still have expired well before the time when he actually commenced it. It is not for the purposes of the present case necessary to decide precisely what time Davis might reasonably have been allowed within which to give his ten-day notice. We need only say that even if he had waited to serve it for most of the five years above referred to, his delay would have been manifestly unreasonable. He did not even serve it within any such period at all and it must in the circumstances be held that his right of action has been long since barred.

These views we think are supported by what was said in *Bass* v. *Hueter*, 205 Cal. 284 [270 Pac. 958], which seems to us to be directly in point. There, by the terms of a note, the obligor had agreed to pay the same ''three months after notice one year after date''. The giving of the notice was delayed somewhat over 19 years after the date when it might have been given. It was held (we quote from the syllabus) that:

''When the plaintiff's right of action depends upon some act which he has to perform preliminarily to commencing suit, and he is under no disability or restraint in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by a delay in performing such preliminary act, and if the time within which such act is to be performed is indefinite or not specified, a reasonable time will be allowed therefor, and the statute will begin to run after the lapse of such reasonable time; and unless there are peculiar circumstances affecting the question, a reasonable time is a period coincident with that provided in the statute of limitations for barring the action.''

The court distinguished the cases of *Neale* v. *Morrow*, 150 Cal. 414 [88 Pac. 815], and *Vickrey* v. *Maier*, 164 Cal. 384 [129 Pac. 273], saying of them, page 290:

''In each case the general rule which we conclude is applicable to the present case was recognized, but it was determined that from the form of the documents themselves it was in the contemplation of the parties that the time of payment should be indefinitely postponed.''

There is nothing in the instant case to indicate to us that any such indefinite postponement was here contemplated. We think it, therefore, to be merely another situation calling for the application of the general rule as declared in *Bass* v. *Hueter, supra.*

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.