[Civ. No. 274. Fifth Dist. Oct. 7, 1963.]

WALTER L. MAAS, JR., et al., Plaintiffs and Appellants v. STANDARD OIL COMPANY OF CALIFORNIA, Defendant and Respondent.

914

Conron, Heard, James & Hamilton and Calvin H. Conron, Jr., for Plaintiffs and Appellants.

Baker, Palmer, Wall & Raymond and Stephen E. Wall for Defendant and Respondent.

STONE, J.— Appellants-lessors leased a service station bordering Highway 99 to respondent-lessee several years

prior to the June 26, 1956, filing of a condemnation action by the State of California. The condemnation plan provided for a fence along the highway right-of-way line. On November 5, 1957, lessee exercised an option to extend the lease for a five-year term beginning January 1, 1958. At that time access to Highway 99 had been completely obstructed and a judgment in condemnation had been entered.

Lessee continued to operate the station, and in February 1958 the Division of Highways made a temporary opening in the fence, giving the property access to Highway 99. However, two years and three months later, on May 16, 1960, the opening in the fence was permanently closed. On October 17, 1960, lessee gave notice of termination of the lease pursuant to a provision that gave lessee the right to terminate if in lessee's opinion condemnation proceedings made it impracticable to use the leased premises as a service station.

Interestingly enough, two years later permanent access was provided by an access road connecting with Highway 99 approximately eight-tenths of a mile north of the property; whereupon lessee resumed operation of the service station. This action is for rent during the period of nonoperation.

We find it difficult to follow lessors' first argument, that lessee, by exercising its option to extend the term for five years, forfeited or waived its right to terminate the lease if operation of the service station became impracticable. It was not condemnation or diversion of traffic, as such, that gave lessee its right to terminate. It had that right under paragraph (8) of the lease "if any part of the leased premises or the approaches thereto are condemned or changed by public authority, or if any highway or street change is made diverting or rerouting traffic away from the leased premises, so that in any such case enumerated above it becomes impossible or impracticable in Lessee's opinion to use the leased premises for any purpose for which such premises are being used at the time. . . ." The option to extend and the right to terminate are contained in unrelated paragraphs bestowing completely independent rights upon lessee. Lessors neither pleaded nor proved consideration for lessee's loss of a contract right, nor did they plead or prove the elements of an estoppel. They argue that lessee made an election of its rights, urging, in support of their theory, reasoning that parallels the theory of election of remedies in the trial of an action. The cases cited by lessors in support of their contention discuss an election of remedies in a judicial proceeding under circum-

stances which are not analogous to the exercise of independent contract rights. We find no cases applying lessors' theory to an extrajudicial exercise of contract rights, and we do not think the theory applicable to the law of contracts.

■ Lessors also argue that lessee, by renewing the lease, made an election which placed it in a position that made any notice of termination given thereafter, untimely. This argument coalesces with their second contention that lessee's notice of termination was not given within a reasonable time. As the lease simply provides that the lessee may give notice when, in its opinion, diversion of traffic makes it impracticable to operate a service station, the sole question is whether lessee acted with reasonable diligence in the light of the circumstances.

■ Reasonableness when related to timeliness is necessarily a question of fact which must be answered according to the circumstances of the particular case. It is primarily a question of fact for the determination of the trial court. (*Hoppin* v. *Munsey,* 185 Cal. 678, 684 [198 P. 398]; *C. A. Hooper & Co.* v. *Freeman, Smith & Camp Co.,* 1 Cal.App.2d 122, 124 [36 P.2d 146].)

■ Thus we look to the relevant circumstances of the case. The service station is located in the small community of Wheeler Ridge and at the time lessee exercised the option, individuals from that community, together with lessee and the Board of Supervisors of Kern County, were joined in a vigorous campaign to persuade the Division of Highways to provide the area with access to Highway 99. Newspaper articles reflecting this activity were received in evidence, one stating that the supervisors had been successful in persuading the state to make an opening in the fence. The operator of the service station testified as to his activity and to the community effort to secure access to the highway. Similar testimony was given by two officers of lessee. The district engineer of the Division of Highways, by deposition, confirmed this evidence. The testimony of the two officers of lessee corporation that the option to extend the lease for a five-year period was exercised in good faith and in the belief that access would be obtained and the property operable as a service station, was corroborated by the fact that access was provided for two years and three months after the option was exercised. Furthermore, lessee paid rent pursuant to the terms of the lease, for this period of tenancy.

Significantly, it does not appear that lessors were preju-

diced by the acts of lessee. Rather, lessee's efforts to secure access and keep the service station operating, resulted in lessors being paid nearly three years' rent after the option was exercised. The following observation concerning timely notice, expressed by the court in *Clovis Fruit Co.* v. *California Wine Assn.,* 40 Cal.App. 623, 626 [181 P. 229], is applicable here:

"Time, in the abstract, is not essential. It is material so far only as, when associated with other circumstances, it may produce injury or unjust consequences. The great object of the rule of law on this subject is to prevent injury or wrong; and the main question in each case should be, Is there any just cause, because of delay, to object to the cancellation?"

 Viewing the record in the light of the above quoted language, we cannot say that lessors were injured by any delay on the part of lessee, or that they suffered unjust consequences by reason of lessee's exercise of its rights under the lease.

The judgment is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.

A petition for a rehearing was denied October 29, 1963, and appellants' petition for a hearing by the Supreme Court was denied December 4, 1963.